JOHNSON, Acting Chief Judge.
These are two consolidated appeals from final judgments entered pursuant to jury verdicts, finding the appellants guilty of *856 possession of cannabis in the amount of less than five grams.
The record reveals from the testimony of the State that about 10:00 p. m. on the evening of March 21, 1974, an officer of the Jacksonville Sheriff’s Office was on patrol when he observed a vehicle traveling on the street with only one headlight. The officer stopped the vehicle and the driver got out of the vehicle, a small truck, and met the officer about the end of the truck. The officer requested the driver’s license and was told by the driver he did not have his license with him. The truck tag indicated that the same was not from Duval County. At or about that time, the officer told the driver he would have to arrest him and carry him to jail. Also, at about that same time, the arresting officer had radioed for backup help which had arrived just at or before or after the driver was told he was under arrest. The time sequences of the arrival of the backup officer was not material in.this case.
The driver was then placed in the officer’s patrol car and he and the other officer then proceeded-to conduct an inventory search of the truck before taking it to the police station. There were two passengers in the truck with the driver, one of them being the appellant Gary Lee Sea. The record is not too clear as to whether the two passengers remained in the truck or whether one or both got out, but again the testimony was not material to the determination of this case.
At the search, the several bags of what the officers thought was, and what proved by lab test, to be marijuana, were on the seat close to the driver’s side and some in a motorcycle helmet lying on the floor of the truck on the passenger’s side. The passenger, appellant, Sea, was arrested and charged with the same possession as his co-appellant, Shannon.
The trial court appointed the Public Defender’s Office to represent appellant Shannon. Appellant Sea had private counsel at that time and through the lower court proceedings. The Public Defender’s Office represented both appellants on this appeal.
Motions to suppress the evidence of the marijuana were made by both appellants and testimony taken which was approximately as detailed hereinabove in this opinion. The motions were denied and motions for acquittal were made and denied. The trial court stated that the motions presented rather interesting and close questions, but under all the circumstances of the case, the State had made the prima facie case. Contention was made by both appellants that the burden of proof was on the State to prove the search without a search ^warrant was legal. The trial court ruled that the motion to suppress did not make a prima facie case and that the court would require appellants to produce evidence to demonstrate the allegations contained in their motion. This is in exact conformity with Criminal Procedure Rule 3.190(h)(3). The motion itself shows that the arrest was for a legal cause, one headlight, and no driver's license. This made the search incident to the legal arrest. As to the appellant Sea, he was in possession, constructive or actual, of at least part of the marijuana. It was in plain view to the appellant as it was to the officers. The evidence was legally seized. As to the insufficiency of the evidence, this is without merit, too. There was enough evidence to justify the jury verdicts.
The prosecutor’s remarks in his closing argument bordered on error, but the trial court’s instruction was enough to render the remarks as harmless, anyway.
Although there were several very technical questions which arose from the beginning to the end of this case, we think and so hold, that the appellants have failed to demonstrate error that would merit a reversal.
Therefore, the judgments and sentences are affirmed.
*857 BOYER, J., concurs.
McCORD, J., dissents.