359 So.2d 493 (1978)
Ulysses R. KELLY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. HH-260.
District Court of Appeal of Florida, First District.
May 16, 1978.
Rehearing Denied June 26, 1978.
*494 Michael J. Minerva, Public Defender, and Janice G. Scott, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Patti Englander and George R. Georgieff, Asst. Attys. Gen., for appellee.
PER CURIAM.
Appellant was convicted of sexual battery contrary to F.S. 794.011(3), and was sentenced to twenty years imprisonment with credit for 171 days jail time. Notice of appeal of the judgment and sentence was filed. Subsequently, pursuant to the State's motion to correct an illegal sentence pursuant to Fla.R.Crim.P. 3.800, the sentence of twenty years was set aside as contrary to F.S. 775.082(3)(a), and a sentence of thirty years with credit for 171 days in the county jail awaiting disposition plus credit for all time served to date was imposed.
Since notice of appeal vested exclusive jurisdiction in this court, (State ex rel. Faircloth v. District Court of Appeal, Third District, 187 So.2d 890 (Fla. 1966)) the trial court did not have jurisdiction to correct the initial sentence. Although the sentencing alternatives under sections 948.01 and 959.115 were available (Roberts v. State, 335 So.2d 285 (Fla. 1976); Berezovsky v. State, 350 So.2d 80 (Fla. 1977)), the twenty year sentence was illegal. Therefore, the judgment is affirmed but the cause is remanded for imposition of sentence in accordance with law.
IT IS SO ORDERED.
McCORD, C.J., and MELVIN and BOYER, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
By motion for rehearing appellant urges that we overlooked and failed to consider his contention that certain testimony adduced at the trial constituted an impermissible comment on his constitutional right to remain silent, citing Bennett v. State, 316 So.2d 41 (Fla. 1976) and Shannon v. State, 320 So.2d 855 (Fla. 1st DCA 1975). We have not overlooked nor failed to consider that point, but our review of the record reveals it to be without merit.
Petition for rehearing is denied.
McCORD, C.J., and BOYER and MELVIN, JJ., concur.