SCHWARTZ, ALAN R., Associate Judge.
The appellants were the pilot and co-pilot of a plane which, as a search initially inspired by the odor of marijuana emitting from it revealed, was carrying a very large quantity of cannabis when it surreptitiously landed and was detained at the Martin County Airport. They appeal their convictions, after a jury trial, for possession of more than five grams of cannabis. We affirm.
We hold that the evidence against both defendants was more than sufficient to support the charge of which they were convicted, see Davis v. State, 350 So.2d 834 (Fla. 2d DCA 1977); Shannon v. State, 320 So.2d 855, 856 (Fla. 1st DCA 1975), rev’d on other grounds, 335 So.2d 5 (Fla.1976); and that the warrantless search of the highly movable airplane was, under all the circumstances, entirely reasonable. Miranda v. State, 354 So.2d 411, 413-414 (Fla. 3d DCA 1978); State v. Toffolio, 349 So.2d 174 (Fla. 1st DCA 1977); Davis v. State, supra; Dixon v. State, 343 So.2d 1345 (Fla. 2nd DCA 1977); U. S. v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977).
The defendants’ final point concerns the fact that the prosecutor elicited, on direct examination of a customs agent who interviewed the defendants some thirty minutes after their detention, that both had refused to respond to his questions concerning their identity and activities. While this inquiry was indeed an impermissible comment on the defendants’ tacit invocation of their Fifth Amendment right to silence, Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); Bennett v. State, 316 So.2d 41 (Fla.1975), we must nonetheless reject the appellants’ contention on this issue on the authority of the Supreme Court’s recent and decisive opinion in Clark v. State (Fla.1978). The record plainly shows that the objection was waived below by virtue of the defendants’ failure, as Clark requires, to move for a mistrial because of the incident or even to secure a ruling from the Court on the simple objection which apparently was made.
Affirmed.
DOWNEY, C. J., and ANSTEAD, J., concur.