427 So.2d 231 (1983)
Langton KEETON, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-2405.
District Court of Appeal of Florida, Third District.
February 15, 1983.
Bennett H. Brummer, Public Defender and Carol R. Gersten, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
*232 PER CURIAM.
The court's finding that defendant knowingly waived his constitutional rights is supported by competent and substantial evidence, though conflicting, thus, will not be disturbed on appeal. Collier v. State, 353 So.2d 1219 (Fla. 3d DCA 1977); Lane v. State, 353 So.2d 194 (Fla. 3d DCA 1977); Von Horn v. State, 334 So.2d 43 (Fla. 3d DCA 1976). Neither youthful age nor mental weakness, alone, renders any confession involuntary. Ross v. State, 386 So.2d 1191 (Fla. 1980).
It was not unreasonable for police, responding immediately to the scene of a felony-murder, to detain appellant, who was confronted in a closed park, adjacent to the parking lot where the crime occurred shortly before midnight, after appellant told police officers that he had witnessed the flight of persons fitting the description of the alleged perpetrators. See State v. Jones, 417 So.2d 788 (Fla. 5th DCA 1982).
Based on responses given by appellant to further investigatory questions while he was thought to be only a possible witness, probable cause developed to effect an arrest. State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978) citing State v. Lundy, 334 So.2d 671 (Fla. 4th DCA 1976).
Affirmed.