525 So.2d 442 (1988)
Scott Alan SPENCE, Appellant,
v.
STATE of Florida, Appellee.
No. 87-803.
District Court of Appeal of Florida, Fifth District.
April 14, 1988.
Rehearing Denied May 24, 1988.
James B. Gibson, Public Defender and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Following the denial of his motion to suppress, which the parties agree is dispositive here, the defendant entered a plea of nolo contendere to one count of possession of cocaine. The trial court withheld adjudication and placed defendant on probation for 4 years. He appeals and we reverse.
The arresting officer, the only witness at the suppression hearing, testified that while on patrol at approximately 1:00 A.M. on the day in question, he pulled off the main road onto a narrow path which led to a cleared area adjacent to the Tomoka River where two or three cars could park. The trooper knew this area as one where people do drugs and that it sometimes is a "lover's lane." As he pulled his vehicle into the clearing, the trooper came head to head with a car parked with its headlights off and its interior light on. There were two couples in the car. He saw the right front passenger lean down as if to put something on the floorboard. The left rear passenger did likewise. The defendant, sitting in the driver's seat, did not move. The trooper got out of his car to see what the occupants were hiding and asked the occupants to step out of the vehicle.
After the occupants exited the car, the trooper looked into the car and was able to see a box, on top of which were a razor blade, two plastic packets of a white powdery substance and a short plastic straw. All four occupants of the car were then arrested. The trial court denied the motion *443 to suppress on the ground that the entire episode was lawful as an encounter, and that even if there was a seizure, the movements of the passengers inside the car were sufficient to create reasonable suspicion, such as would authorize the brief seizure and further investigation.
The trial court relied upon State v. Smith, 477 So.2d 658 (Fla. 5th DCA 1985) in reaching its decision. In Smith this court found that the facts provided founded suspicion for a brief seizure. The officer saw two men near a dumpster sharing something out of a paper bag, but when he attempted to approach the men, they ran. This court found that after the men fled and were tracked down, the encounter was elevated to a brief seizure supported by founded suspicion. Smith is not analogous to the case before us.
The trooper did not testify that he had any concern for his safety upon approaching the vehicle. His intent was simply to see what, if anything, the occupants were hiding under the seat. This was mere curiosity, not based on any articulable facts. To justify a temporary detention under section 901.151, the Florida Stop and Frisk Law, the officer is required to have a "founded suspicion" of criminal activity. This type of suspicion is one which is based upon the factual circumstances observed by the officer and interpreted in light of the officer's knowledge. State v. Hunt, 391 So.2d 760 (Fla. 5th DCA 1980). Mere or bare suspicion cannot support a detention.
There was nothing about the circumstances which would give the officer the "founded suspicion" required by law to detain the occupants of the automobile for further investigation. He testified that he had investigated other cars parked in the same area at other times and had found no sign of drugs. The parking area was also known as a "lover's lane," so it was not unusual for cars to be parked there, especially after dark. Therefore the detention was based on a brief observation of conduct which is at least equally consistent with non-criminal activity. See Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1984). See also G.J.P. v. State, 469 So.2d 826 (Fla. 2d DCA 1985) (an officer who observes a car parked even in a high crime area and then sees one of the occupants make a quick movement may have his suspicions aroused, but he does not have the "founded suspicion" necessary to legally detain the person for the purpose of further investigation).
The order denying defendant's motion to suppress is
REVERSED.
SHARP, C.J., and COWART, J., concur.