550 So.2d 547 (1989)
STATE of Florida, Appellant,
v.
Mark Steven STARKE, Appellee.
No. 88-02992.
District Court of Appeal of Florida, Second District.
October 25, 1989.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. Gen., Tampa, for appellant.
Norman S. Cannella of Norman S. Cannella, P.A., Tampa, for appellee.
CAMPBELL, Chief Judge.
Appellant, the State of Florida, seeks review of the trial court order granting appellee/defendant, Mark Steven Starke's, motion to suppress cocaine seized as the result of an alleged unlawful search. We reverse.
At 1:00 a.m. on April 8, 1988, Officer John Thickens of the Tampa Police Department was on patrol. He observed a Volkswagen parked in the parking lot behind a restaurant and bar that was still open. One person was sitting in the car, arousing Thickens' suspicions. Thickens circled the block and took up a concealed vantage point behind a broken fence adjacent to the parking lot. The Volkswagen had driven off, but the officer stayed to see if any crime was afoot relating to the Volkswagen.
A couple of minutes later, Thickens saw appellee and another male drive into the parking lot, park and enter the bar. Five minutes later, appellee exited the bar with a girl. The couple got into the car. The parking lot was well lighted and Thickens had a clear view through the back window of the car so that he could see the backs of their heads from about thirty feet away. Appellee and the girl sat in the parked car without turning on the lights or the engine. Thickens saw appellee pass something to the girl, but could not make out what it was. Based on his experience and the fact that his area of patrol had a high incidence of drug use, Thickens suspected the occupants were engaged in drug use. He walked up to the car, knocked on the driver's side window, identified himself as a police officer and shined his flashlight into the front seat of the car. Appellee, sitting in the driver's seat, refused to roll down the window.
When Thickens shined his flashlight into the car, he saw the girl in the passenger's *548 seat with a knife blade underneath her nose. She appeared to be snorting cocaine. The girl started to get out of the car, so Thickens went to the passenger's side and took her into custody. Appellee began to get out of the driver's side, so Thickens took the girl with him to the driver's side to prevent appellee from leaving. Thickens arrested both appellee and the girl for possession of cocaine and found cocaine residue on the knife blade and a little over two grams of cocaine under the driver's seat. The trial court granted appellee's motion to suppress the cocaine seized by Thickens, and appellant/state filed this appeal. Appellant argues that the trial court improperly relied on Spence v. State, 525 So.2d 442 (Fla. 5th DCA 1988). We agree with appellant that Spence does not apply here for the reasons set forth in State v. Billingsly, 542 So.2d 444 (Fla. 5th DCA 1989).
The Billingsly court distinguished Spence, 525 So.2d at 442, on the grounds that in Spence, the drugs were observed after the police officer had illegally detained the occupants of the vehicle. In this case, as in Billingsly, the contraband was lawfully observed prior to any detention or seizure. See also State v. Flores, 305 So.2d 292 (Fla.2d DCA 1974), cert. denied, 315 So.2d 189 (Fla. 1975).
The facts in this case are almost identical with those in Billingsly. The fifth district there noted that a deputy located in a nonprotected area, such as a parking lot open to the public, looking inside a constitutionally protected area, a vehicle, does not violate any fourth amendment rights. Similarly, the act of shining a flashlight into the interior of a vehicle violates no rights. Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983).
We agree with Billingsly and accordingly reverse the trial court's order to suppress.
THREADGILL and PARKER, JJ., concur.