PER CURIAM.
Clinton Taylor filed a petition for writ of certiorari in the circuit court contending that- disciplinary action taken against him by the Department of Corrections was procedurally defective and was in violation of his constitutional rights. The trial court construed the petition as one for mandamus and issued a show cause order. The department responded arguing the petition was moot because petitioner was no longer an inmate in the institution where the action took place. On September 1, the circuit court rendered an order that accepted that argument and dismissed the petition as moot. A timely notice of appeal was thereafter taken. Subsequently, it came to our attention that the trial court issued another order on December 1 that found the mootness doctrine was inapplicable because petitioner was still in custody of the department and it therefore issued an order restoring the gain time forfeited by the disciplinary action. On December 21, this court entered an order reciting the above and quashing the trial court order of December 1 as void for lack of jurisdiction. Appellee was directed to show cause within 10 days why the relief requested by appellant should not be granted.
Appellee first responds with a motion to relinquish jurisdiction. The department concedes that mootness was an inappropriate disposition of the petition and asks this court to return jurisdiction to the lower tribunal for consideration of the merits of petitioner’s claims. Appellee has also filed a response to the order to show cause which argues the merits of the case, contending that administrative remedies had not been exhausted, petitioner’s claims are vague and conclusory, and that they lack merit.
Under the circumstances presented here, we find that proper disposition of this cause is to reverse and remand it to the lower tribunal to permit respondent to address the merits of the petition and for that court to then issue an order that disposes of Taylor’s claims. As shown above, the department has conceded that the order here appealed, the one issued September 1 dismissing the petition on mootness grounds, is incorrect. The order of December 1 was not only entered in the absence of jurisdiction, Kelly v. State, 359 So.2d 493 (Fla. 1st DCA 1978), but also, we believe, prematurely in that the circuit judge should have permitted the department to respond to the merits of Taylor’s claims before granting relief.
*495 Accordingly, we reverse and remand the circuit court’s order dismissing the petition as moot for further proceedings not inconsistent herewith.
SHIVERS, C.J., and SMITH and NIMMONS, JJ., concur.