PER CURIAM.
The state appeals an order suppressing drugs and drug paraphernalia. We reverse.
With the consent of the parties, the trial court utilized the arresting officer’s probable cause affidavit in lieu of live testimony. The officer observed appellee’s car parked in a bar parking lot with two persons inside. They “appeared to be doing something to the dashboard,” but the window tinting obscured the officer’s view. Suspecting a theft or other crime might be in progress, the officer shined his flashlight into the vehicle. He then observed “a plastic box with a white powder in it” sitting on the center console, as well as “a small drinking type straw.” Believing this to be cocaine, and the straw “used to inhale it,” the officer announced his presence and opened the driver's side door. Appellee grabbed the plastic box and tried to conceal it. A subsequent search produced an additional baggie of white powder, a razor blade with powder on it, and a marijuana cigarette.
The use of the flashlight, under these circumstances, infringes upon no Fourth Amendment rights. State v. Starke, 550 So.2d 547 (Fla. 2d DCA 1989); State v. Ecker, 550 So.2d 545 (Fla. 2d DCA 1989). Once he had shined the light, and observed the box, powder, and straw, the officer had probable cause to arrest. See, e.g., State v. Hall, 376 So.2d 276 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 637 (Fla.1980). At the very least, the officer had reasonable grounds for further investigation, which escalated to probable cause once appellee tried to hide the box.
Reversed.
THREADGILL, A.C.J., and PARKER and ALTENBERND, JJ., concur.