GRIFFIN, Judge.
This is the appeal of the denial of a motion to suppress evidence supporting a charge of possession of cocaine. We reverse.
Police Officer Franklin, employed by the City of Edgewood, testified that his attention was initially drawn to the appellant because he was parked on the right-of-way and was “in a slumped over position.” As he drove by the vehicle, the appellant sat up. Nevertheless, the Officer pulled his vehicle behind that of the appellant to “cheek on his well-being.” [1] The officer, apparently using the loud speaker on his *529 police vehicle, asked the appellant to step out of the car. The officer testified he did this for his own safety, “to assure [himself] he didn’t have any weapon on him.” He testified, “I don’t make it a practice to walk up to any vehicle whether it’s a traffic stop or encounter, I don’t walk up to them.” Appellant did as he was requested, walking back to the officer’s vehicle. Officer Franklin still did not suspect any illegal activity or that the appellant was armed; nevertheless he testified he “walked back up to the appellant’s vehicle, and looked inside” appellant’s car. When he did so, he observed a straw, a powdery substance and a razor blade. He acknowledged he did not see these items until after appellant had been ordered out of his ear. A second officer arrived in a separate vehicle and testified he was present at the time Officer Franklin would have been looking into appellant’s car or taking any evidence out of it but that he did not see him remove the razor blade or straw because he was “keeping an eye on” appellant. He testified appellant said nothing before the drugs were seen in his car.
Appellant testified that Officer Franklin pulled his police vehicle about twenty feet behind his car and ordered him to get out of his car. Appellant wanted to light a cigarette but Franklin told him to keep his hands in visible sight, to walk to the police car and put his hands on the car. He claimed that, as Officer Franklin then approached his car, he protested loudly but was ordered to turn his head back around and not look at the car. Appellant testified he had been hunched over when first spotted by Officer Franklin because he was in the process of writing a letter and had dropped his stamps down the wheel well. Officer Franklin acknowledged that the letter, pen and papers were among the items he found after appellant was out of the car.
The motion to suppress should have been granted. Spence v. State, 525 So.2d 442 (Fla. 5th DCA 1988); Dees v. State, 564 So.2d 1166 (Fla. 1st DCA 1990). To begin with, it is not at all clear that, without any belief that appellant had committed any violation of law, a police officer is entitled to require a motorist stopped on the roadside to leave his vehicle.[2] Even assuming arguendo that Officer Franklin, for his own safety could do so (in the course of “checking on appellant’s well-being”), the officer then had no justification for going back up to inspect appellant’s now vacant vehicle. Just because a citizen has pulled his vehicle off the roadway, he (or she) should not be forced to leave his vehicle and to stand aside while the officer inspects it for visible items that may be of interest to the police. This is a far different scenario than that approved by the United States Supreme Court in Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977). There the police had stopped the vehicle for a violation of law. The court found that the intrusion into the motorist’s liberty in having to stand outside his vehicle while lawfully detained for issuance of the citation was de minimis in light of concern for officer safety. Apart from the inconvenience and indignity (even assuming good weather, a well-mown shoulder and sensible shoes) to a citizen who is suspected of no violation of law, it is usually safer for the citizen to remain in his or her vehicle. Moreover, it is impossible to say what would have been in “plain view” in a vehicle before the police emptied it of people. See Spence v. State, 525 So.2d 442 (Fla. 5th DCA 1988); see also Bailey v. State, 319 So.2d 22 (Fla.1975).
Appellant’s conviction and sentence are reversed.
REVERSED.
DAUKSCH, J., concurs.
COBB, J., dissents with opinion.

. At the suppression hearing the officer testified that parking on the right-of-way was a violation of an Edgewood municipal ordinance. However, during the stop he had nothing in his mind about the ordinance violation. His lieutenant mentioned it to him the day of the suppression hearing and gave him a copy.

. The question of whether a police order to a citizen to exit a vehicle is permissible absent any violation of law by the citizen was expressly reserved in Pennsylvania v. Mimms, 434 U.S. 106, 111, n. 6, 98 S.Ct. 330, 333, n. 6, 54 L.Ed.2d 331, 337, n. 6 (1977).