575 So.2d 1360 (1991)
James BROWN, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-482.
District Court of Appeal of Florida, Third District.
March 12, 1991.
Bennett H. Brummer, Public Defender, and N. Joseph Durant, Jr., Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Avi Litwin, Asst. Atty. Gen., for appellee.
Before COPE, LEVY and GODERICH, JJ.
*1361 PER CURIAM.
Defendant James Brown appeals his conviction for tampering with physical evidence and possession of cocaine, and his sentence as a habitual offender. We affirm.
Defendant and two codefendants were arrested for unlawful assembly. They were searched incident to the arrest and insofar as pertinent here, one rock of crack cocaine was found on the person of one of the codefendants. The arresting officer secured the small bag containing the cocaine rock by attaching it to the officer's clipboard. The officer placed the clipboard on the dash of the police car. He placed the defendant and codefendants in the police car and began traveling to the jail. There was no cage separating the back seat from the front seat of the police car and the prisoners, although partly restrained, had some ability to move within the confines of the car. En route the officer stopped at the scene of an accident and temporarily exited the police car. While outside the police car, he observed the defendant take the cocaine rock from the clipboard. At the station, the cocaine rock was found on the floor where defendant had been sitting. Defendant was charged with tampering with physical evidence and possession of cocaine. Defendant was convicted.
Defendant argues, and the State concedes, that there was no probable cause to arrest defendant for unlawful assembly in the first instance. Defendant contends, therefore, that the cocaine rock is the "fruit of the poisonous tree" which must be suppressed, see, e.g., Alberty v. State, 536 So.2d 283 (Fla. 3d DCA 1988), review denied, 548 So.2d 663 (Fla. 1989), and that his convictions must fail. We disagree.
The cocaine rock was taken from one of the codefendants and was in the custody of the police officer. En route to the jail, defendant independently and of his own volition picked up the cocaine rock and attempted to conceal it. As to defendant, there was no exploitation of a prior illegality and the recovery of the cocaine was not tainted by the illegality of the arrest. See, e.g., Delap v. State, 440 So.2d 1242, 1249-50 (Fla. 1983), cert. denied, 467 U.S. 1264, 104 S.Ct. 3559, 82 L.Ed.2d 860 (1984); State v. Mosier, 392 So.2d 602, 604-05 (Fla. 3d DCA 1981), appeal after remand, 415 So.2d 771 (Fla. 3d DCA 1982). Once the officer had taken the evidence into his custody, the defendant was not entitled to remove it  whether or not the underlying seizure was illegal.[*]
Defendant also contends that the State failed to give written notice of its intention to seek a sentence under the habitual offender statute. See § 775.084(3)(b), Fla. Stat. (1989). To the contrary, the record reflects that the State gave both written and oral notice over sixty days prior to imposition of sentence.
Affirmed.
NOTES
[*] The charges against defendant arose exclusively out of his taking of the cocaine while in the police car.