STATE of Utah, Plaintiff and Appellee,

v.

Wade WAGSTAFF, Defendant and Appellant.

No. 920142–CA.

Court of Appeals of Utah.

Jan. 19, 1993.

Edwin T. Peterson, Murray, for defendant and appellant.

Jan Graham and Todd A. Utzinger, Salt Lake City, for plaintiff and appellee.

Before RUSSON, Associate P.J., and BILLINGS and JACKSON, JJ.

RUSSON, Associate Presiding Judge:

Wade Wagstaff filed this interlocutory appeal from an order denying his motion to suppress evidence. We affirm.

On September 13, 1991, Logan City police officers served a warrant for the search of all persons at a residence where Wagstaff was an invited guest. The warrant was issued based on an intercepted telephone conversation which emanated from the residence. After entering the residence, the officers noticed Wagstaff in a room directly adjacent to a room where drugs and drug paraphernalia were in plain view. The officers arrested Wagstaff, handcuffed him, and directed him to the kitchen area of the home. At that point, Officer Roper searched Wagstaff and removed from his front pocket a plastic bag which appeared to contain marijuana. The officer placed the bag on a nearby table. At Wagstaff's insistence, Officer Duron removed his handcuffs, at which point Wag-

staff grabbed the plastic bag from the table, put it in his mouth, and began chewing it. Officer Duron gripped Wagstaff by the neck in an attempt to prevent him from swallowing the bag; however, such efforts failed.

Wagstaff was subsequently charged by information with tampering with evidence, a second degree felony, in violation of Utah Code Ann. § 76–8–510 (1990), and unlawful possession of a controlled substance, a class B misdemeanor, in violation of Utah Code Ann. § 58–37–8(2) (Supp.1992). The information was later amended to include an additional charge of interference with an arresting officer, a class B misdemeanor, in violation of Utah Code Ann. § 76–8–305 (Supp.1992).

Wagstaff filed a motion to suppress all evidence obtained as a result of the search, claiming that the officers' presence in the home and the subsequent search violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution and article I, section 14 of the Utah Constitution. For purposes of the motion to suppress, the State stipulated that the "presence of the officers and the seizure of the property from the defendant [were] unlawful." The State further agreed to dismissal of the two misdemeanor charges, provided that the court deny Wagstaff's motion to suppress with respect to the evidence tampering charge. The said misdemeanor charges were dismissed.

The court entered an order denying Wagstaff's motion to suppress the evidence as to the tampering charge, ruling that "evidence under [Utah Code Ann. § 76–8–510 (1990)] is actually defined as anything which may be used in a proceeding or investigation," and therefore, such evidence need not be admissible against a defendant at trial in order to support an evidence tampering charge. Wagstaff filed this interlocutory appeal, raising the following issue: Did the trial court err in denying his motion to suppress based on its determination that evidence which is illegally seized can be the basis for an evidence tampering charge under section 76–8–510.

"A trial court's findings of fact underlying its decision to grant or deny a motion to suppress must be upheld unless they are clearly erroneous. However, we review the trial court's legal conclusions in regards thereto under a correction of error standard." State v. Parker, 834 P.2d 592, 594 (Utah App.1992) (quoting State v. Hunter, 831 P.2d 1033, 1035 (Utah App. 1992)).

Wagstaff claims that since the evidence in this case was illegally seized and therefore not admissible against him at trial, such could not support an evidence tampering charge under Utah Code Ann. § 76–8–510 (1990). The State responds that there is no requirement under section 76–8–510 that the evidence with which one tampers be admissible at trial. We agree.

██ Section 76–8–510 provides, in pertinent part:

A person commits a felony of the second degree if, believing that an official proceeding or investigation is pending or about to be instituted, he:

(1) Alters, destroys, conceals, or removes anything with a purpose to impair its verity or availability in the proceeding or investigation. . . .

Utah Code Ann. § 76–8–510 (1990).

██ The plain language of section 76–8–510 proscribes tampering with *anything* which could be used in a future proceeding or investigation. That section's application is not limited to tampering with evidence which is admissible against a defendant at trial. In fact, the very breadth of section 76–8–510 is inimical to such construction. In the case at bar, Wagstaff, by removing and swallowing the bag that the police had taken into custody, clearly impaired the availability of that evidence for any resulting proceeding or investigation irrespective of its admissibility against him at trial. Accordingly, such supported a charge under section 76–8–510.

Moreover, because we have determined that Wagstaff's actions following the police

seizure of his property supported a separate and distinct charge under section 76–8–510, it is inconsequential that the underlying seizure was illegal. In a case similar to the one before us, *Brown v. State,* 575 So.2d 1360 (Fla.App.1991), the Florida Court of Appeals held that although the arrest of the defendant was without probable cause, and while the seizure of the cocaine from the codefendant may have been illegal due to the unlawful arrest, the defendant's removal of that cocaine from the police car was not tainted by the illegality of the arrest. The court, in upholding the defendant's conviction of evidence tampering, stated: "Once the officer had taken the evidence into his custody, the defendant was not entitled to remove it—whether or not the underlying seizure was illegal." *Id.* at 1361. *Cf. State v. Casimono,* 250 N.J.Super. 173, 593 A.2d 827, 832 (N.J.App.1991) (ruling illegal patdown search did not require reversal of defendant's convictions for subsequent actions of hindering apprehension and resisting arrest), *certification denied,* 127 N.J. 558, 606 A.2d 370 (N.J.1992), *cert. denied,* —— U.S. ——, 112 S.Ct. 1978, 118 L.Ed.2d 577 (1992); *State v. Combs,* 394 N.W.2d 567, 569 (Minn.App.1986) (holding illegal vehicle stop did not warrant suppression of evidence of crimes of assault, obstructing legal process and fleeing police officer committed in response to illegal stop), *rev'd on other grounds,* 398 N.W.2d 563 (Minn. 1987).

Further, the Eleventh Circuit Court of Appeals has stated:

> [W]here the defendant's response is itself a new, distinct crime, there are strong policy reasons for permitting the police to arrest him for that crime. A contrary rule would virtually immunize a defendant from prosecution for all crimes he might commit that have a sufficient causal connection to the police misconduct.... Unlike the situation where in response to the unlawful police action the defendant merely reveals a crime that *already* has been or is being committed, extending the fruits doctrine to immunize a defendant from arrest for *new* crimes gives a defendant an intolerable *carte blanche* to commit further criminal acts so long as they are sufficiently connected to the chain of causation started by the police misconduct. This result is too far reaching and too high a price for society to pay in order to deter police misconduct.

*United States v. Bailey,* 691 F.2d 1009, 1017 (11th Cir.1982), *cert. denied,* 461 U.S. 933, 103 S.Ct. 2098, 77 L.Ed.2d 306 (1983).

Applying the foregoing law to the facts of this case, it is clear that Wagstaff's actions in removing and swallowing the bag seized by the police officers supported a new criminal charge that was distinct and separate from the prior illegal seizure. Thus, the trial court properly concluded that evidence of that crime was admissible at trial and did not err in denying Wagstaff's motion to suppress. Accordingly, we affirm.

BILLINGS and JACKSON, JJ., concur.