640 So.2d 1206 (1994)
Ulysses R. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-01385.
District Court of Appeal of Florida, Second District.
August 3, 1994.
*1207 Karen Lasker McHugh of Ronnie G. Crider, P.A., Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dell H. Edwards, Asst. Atty. Gen., Tampa, for appellee.
LAZZARA, Judge.
Ulysses Williams appeals his judgments and sentences for possession of marijuana and cocaine. He contends the trial court erred by denying his motion to suppress evidence. We conclude that the evidence presented at the suppression hearing was sufficient to sustain the trial court's order and affirm.
Williams' motion sought the suppression of marijuana seized from a car in which he was a passenger and cocaine seized from his person following a strip search at the county jail. He alleged that the stop of the car was invalid, that he was unlawfully detained in the car after the stop, that there was no probable cause to arrest him for possession of marijuana, and that cocaine seized from his person at the jail was the product of an unlawful detention. The evidence presented to the trial court at the hearing on the motion established the following facts.
Williams was a backseat passenger in a car that was stopped by a deputy sheriff during the early morning hours for an inoperable right taillight. According to the deputy, he had stopped cars in the past for the same reason. After the stop, the deputy was joined by a backup officer.
During the course of his investigation, the deputy discovered that the driver was not the owner of the car and could not produce the car's registration certificate as required by law. See § 320.0605(1), Fla. Stat. (1993). The car, however, had not been reported as stolen. While the deputy was attempting to determine the registered owner, he observed a vial of suspected rock cocaine in the shoe of the front seat passenger. This individual then fled from the scene and, in the process, struck both the deputy and the assisting officer. Prior to giving chase, the deputy ordered the driver of the car, another backseat passenger, and Williams to stay where they were. Williams complied and remained in the backseat until the deputy returned. The deputy acknowledged that at the time he gave this command, he had no reason to believe Williams had committed any crime.
The deputy was gone for approximately three to five minutes.[1] When he returned, he advised the driver that he needed cooperation in determining whether the subject who fled was armed because other officers were searching for him. Additionally, the deputy wanted to identify the fleeing suspect so that the search could be terminated by going directly to the suspect's home.
The deputy then asked the driver if there were any weapons in the car. The driver *1208 informed him there was a knife under the front seat. The deputy then obtained the driver's consent to search the car for the knife. Although the deputy did not find the knife, he did observe marijuana seeds and stems scattered in plain view throughout the front seat and floorboard area of the car. He then removed Williams from the backseat and detained him in a police cruiser. The deputy testified he did this for three reasons: the vial of suspected cocaine observed on the fleeing passenger, his inability to find the knife, and the presence of marijuana on the front seat.
The deputy then resumed his search for the knife and found an additional quantity of marijuana seeds and stems located throughout the backseat and floorboard area of the car. According to the deputy, all of this material was visible to the naked eye. Williams was then arrested for possession of marijuana and transported to the county jail. Prior to being transported, Williams denied having any narcotics on his person.
Williams testified that the car did not belong to him but was owned by the girlfriend of one of the passengers. He denied any knowledge of or interest in the marijuana found in the car. Significantly, neither Williams nor any other witness ever testified about the circumstances surrounding the alleged unlawful seizure of cocaine from his person at the county jail as documented by his attorney in the motion.
After the trial court denied his motion to suppress, Williams entered pleas of nolo contendere, specifically reserving his right to appeal. The trial court appropriately found that the motion was dispositive of the case. Sommers v. State, 404 So.2d 366 (Fla. 2d DCA), review dismissed, 407 So.2d 1105 (Fla. 1981).
The trial court's written order does not contain any basis for its ruling. At the conclusion of the hearing, however, the trial court did make certain findings. It determined that the stop and subsequent search of the car were valid, that the initial detention of Williams had no bearing on the ultimate discovery of the marijuana since the marijuana was not found on his person, and that there was probable cause to arrest Williams for possession of marijuana. After interpreting the evidence in the light most favorable to sustaining these findings, Shapiro v. State, 390 So.2d 344 (Fla. 1980), we agree with the trial court's evaluation of the evidence.
First, we determine that the deputy's stopping of this car was legally valid. The evidence clearly demonstrated a routine traffic stop for a violation of a traffic law requiring a motor vehicle to have two operative, illuminated taillamps during darkness. Joseph v. State, 588 So.2d 1014 (Fla. 2d DCA 1991); § 316.221, Fla. Stat. (1993).
Second, we conclude that the deputy acted reasonably by maintaining the status quo at the scene of the car while he gave chase to an unidentified person for whom there was probable cause to arrest for possession of cocaine and battery on a law enforcement officer. The deputy's brief, initial detention of Williams and the other occupants can be viewed as a reasonable and necessary response to the exigent circumstances confronting the deputy that demanded immediate action to insure these individuals would be available to later assist him in any follow-up investigation as to the identity of the fleeing suspect should he escape arrest, as well as to the identity of the registered owner of a car that was in clear violation of a traffic safety law. See Keeton v. State, 427 So.2d 231 (Fla 3d DCA 1983); 3 Wayne R. LaFave, Search and Seizure § 9.2(b) (2d ed. 1987); Cf. State v. Carr, 549 So.2d 701, 702 (Fla. 4th DCA 1989) ("Without [police] investigation, ... those who are guilty might escape prosecution, allowing crimes to go unsolved.")[2] Furthermore, even assuming an unlawful detention of Williams after the passenger fled, such a restraint on his freedom had no connection with the ultimate discovery of the marijuana in the car. See Brown v. State, 575 So.2d 1360 *1209 (Fla. 3d DCA 1991) (where there was no exploitation of prior illegality, recovery of contraband was not tainted by illegality of defendant's arrest).
We also note that although Williams had standing to contest the stop of the car, Wulff v. State, 533 So.2d 1191 (Fla. 2d DCA 1988), approved, Nelson v. State, 578 So.2d 694 (Fla. 1991), he had no right to complain of its search since he was a mere passenger, State v. Deen, 625 So.2d 968 (Fla. 5th DCA 1993), and he disavowed any possessory interest in the items seized. State v. W.E.T., 399 So.2d 480 (Fla. 1st DCA 1981). Thus, as in State v. Bartz, 431 So.2d 704, 705 (Fla. 2d DCA 1983), "[t]he record fails to reflect that [Williams] had a lawful property interest in the automobile or the seized items, and there was no other evidence presented to establish that [he] had a legitimate expectation of privacy in the automobile in which [he] was a passenger."
We further conclude that there was sufficient probable cause to arrest Williams for possession of marijuana. As clearly demonstrated by the evidence, this contraband was located in plain view on the backseat where Williams had been sitting. See State v. Sowers, 571 So.2d 11 (Fla. 2d DCA 1990); Shannon v. State, 320 So.2d 855 (Fla. 1st DCA 1975), rev'd on other grounds, 335 So.2d 5 (Fla. 1976).
Finally, we reject Williams' conclusory argument that the subsequent search of his person at the county jail that allegedly led to the seizure of the cocaine he was convicted of possessing was the product of an unlawful detention. As noted, Williams offered no evidence or testimony surrounding the events that transpired after he was taken to jail. Under the law, it was his burden to demonstrate that the cocaine related to his conviction was found on his person when he was searched at the jail. See Tippins v. State, 454 So.2d 630 (Fla. 5th DCA 1984). It was also his burden to establish the alleged invalidity of this search. State v. Lyons, 293 So.2d 391 (Fla. 2d DCA 1974); Fla.R.Crim.P. 3.190(h)(3). See also Black v. State, 383 So.2d 295, 297 (Fla. 1st DCA), review denied, 392 So.2d 1371 (Fla. 1980) ("Where a motion to suppress an illegal search is at issue, the burden is on the moving party to make an initial showing that the search was invalid. Only when that initial showing is made does the burden shift to the State to prove that the search is valid.") The bare allegations of the motion, unsupported by proof, were insufficient to sustain these burdens. State v. Hinton, 305 So.2d 804 (Fla. 4th DCA 1975).
But again, assuming the unlawfulness of Williams' initial detention when the passenger fled, and assuming that cocaine was later found on his person at the jail, we would still conclude that the trial court was correct in refusing to suppress the cocaine. The law does not require the strict application of a "but for" test when considering the "fruit of the poisonous tree" doctrine under the exclusionary rule. Instead, the focus is on whether evidence has been illegally derived by exploitation of initial police misconduct. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). In this case, the subsequent, intervening events of the driver's valid consent to search the car, followed by the lawful discovery of marijuana that resulted in Williams' continued detention and immediate arrest for possession of that marijuana, would have been sufficient to establish that any contraband allegedly found on his person at the jail was not procured by exploitation of his initial detention but, instead, was sufficiently distinguishable to be purged of any assumed primary taint. Wong Sun; Sheff v. State, 301 So.2d 13 (Fla. 1st DCA 1974), aff'd, 329 So.2d 270 (Fla. 1976). Cf. State v. Taylor, 557 So.2d 941, 942 (Fla. 2d DCA 1990) ("[I]ntervening misconduct would have served to dissipate any taint from a pretextual stop, assuming that to have been the case.")
We, therefore, affirm the trial court's denial of the motion to suppress evidence.
Affirmed.
CAMPBELL, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] The deputy was unsuccessful in apprehending the passenger who fled. This person was later caught approximately one hour later.
[2] This is not to say that a law enforcement officer has the unbridled authority, in the absence of clearly defined exigent circumstances demanding immediate action, to detain a potential witness as part of a general police investigation. See United States v. Ward, 488 F.2d 162 (9th Cir.1973) (en banc).