ALLEN, Judge.
The appellant challenges an adjudication of delinquency for obstructing or opposing a police officer without violence. We conclude that the evidence was sufficient to establish a prima facie case of this offense, and that the trial court therefore properly denied the appellant’s motion for judgment of acquittal. However, we reverse on two other points.
The state had initially filed a petition for delinquency against the appellant alleging three delinquent acts, including obstructing or opposing a police officer without violence. At the adjudicatory hearing, the state abandoned prosecution on two counts and proceeded solely on the resisting or opposing count. At the conclusion of the hearing the trial court found appellant guilty of that charge and subsequently placed him into a community control program. But in its written order, the court found appellant to have committed all three delinquent acts and imposed sentence for all three. Also included in the order was a special condition of community control which provided: “child shall continue to participate in Church and Youth Activities in Church.”
Subsequent to the filing of the appellant’s notice of appeal, the trial court entered an amended order of disposition that reflects the finding of guilt as to the obstructing or opposing offense and the state’s abandonment of prosecution as to the other two counts. However, the trial court’s attempt to correct the order to reflect the state’s abandonment of the first two counts had no legal effect because the amended order was entered after the filing of the notice of appeal. See Kelly v. State, 359 So.2d 493 (Fla. 1st DCA 1978). We therefore reverse that portion of the order which finds the appellant guilty under the two abandoned counts and that portion which imposes sentence under those counts. We remand for correction of the order in this regard.
*261 The state has conceded that the trial court erred in ordering the appellant to participate in church activities. See L.M. v. State, 587 So.2d 648 (Fla. 1st DCA 1991). We therefore reverse that portion of the order which imposes this condition of community control. On remand, the court may impose an alternate condition, such as the requirement that appellant attend youth programs of secular content. Id.
WEBSTER and DAVIS, JJ., concur.