THREADGILL, Chief Judge.
In this contraband forfeiture case, the state appeals a final order in which the trial court denied and dismissed its complaint for forfeiture of $44,010.00 in currency. Because the evidence presented at the non-jury trial was insufficient to sustain the trial court’s order, we reverse.
The state filed a complaint seeking forfeiture of the seized currency pursuant to the Florida Contraband Forfeiture Act, sections 932.701-932.707, Florida Statutes (1993). The currency was seized during a warrant-less search of an automobile that had been involved in an accident. The appellee/claim-ant’s son, Eddie McCluster Jr., had been driving the automobile at the time of the accident. In response to the forfeiture com *1001 plaint, Eddie Jr. filed an answer and affirmative defense raising the illegality of his detention at the accident scene and asserting that Eddie Sr., his father, had an interest in the seized currency. Eddie Jr. was later dropped as a claimant. Eddie Sr. was substituted in his place and adopted Eddie Jr.’s answer and affirmative defense.
At the non-jury trial, the court agreed to hear all forfeiture issues at the same time, including the suppression issue. At the conclusion of the state’s ease, and before Eddie Sr. had presented any evidence, the trial court dismissed the state’s complaint on the ground that Eddie Jr. had been illegally detained. The trial court never reached the issue of probable cause under the Florida Contraband Forfeiture Act.
We need not determine if the trial court erred in ruling on the legality of Eddie Jr.’s detention and the subsequent search of the car. As proponent of the motion to suppress, Eddie Sr. had the burden of establishing that he had a legitimate expectation of privacy in the area searched. See Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); Williams v. State, 640 So.2d 1206 (Fla. 2d DCA 1994); State v. Bartz, 431 So.2d 704 (Fla. 2d DCA 1983). Eddie Sr. did not meet his burden. There was no evidence presented by anyone to establish that Eddie Sr. had a legitimate expectation of privacy in the automobile.
The record before us also fails to establish that Eddie Sr. had any lawful property interest in the seized currency. Although the attorney for Eddie Sr. told the court the basis for his client’s claim, no proof was ever offered. Thus, the trial court erred in awarding the seized currency to Eddie Sr.
The trial court based its order solely on the suppression issue, which Eddie Sr. did not have standing to raise, and failed to consider the appropriate issues under the Florida Contraband Forfeiture Act. We therefore reverse and remand for further proceedings consistent with section 932.704. If the state proves by clear and convincing evidence that the currency was being used in violation of the Act, it should be forfeited. If the state is unable to do this, the claimant may prevail. See §§ 932.704(8)-(9)(a), Fla. Stat. (1993). The claimant, however, may nevertheless prevail by proving he is the owner of the currency and by establishing by a preponderance of the evidence that he neither knew, nor should have known after a reasonable inquiry, that the currency was being employed or was likely to be employed in criminal activity. See § 932.703(6)(a), Fla. Stat. (1993).
Reversed.
FRANK and FULMER, JJ., concur.