THOMPSON, J.
Markilo Brown appeals his convictions for possession of a firearm by a convicted felon and possession of a controlled substance. He contends that the court erred in denying his motion to suppress evidence of a semi-automatic firearm found in his vehicle by police officers. We affirm.
Officer Braddock pulled Brown over because he failed to come to a complete stop before making a right turn at a red light. Braddock saw Brown’s passenger fidgeting as though he were trying to conceal something. Concerned that the passenger might be armed, Braddock called for backup. When Officer Coco arrived, Braddock stopped writing the traffic citation and instead frisked the passenger. Braddock felt something concealed in the pelvic area of the passenger’s pants. The passenger ran away and was caught by the officers as he was entering a pond. On the bank of the pond, the officers found cocaine and cannabis in a bag thrown down by the passenger. During the chase, Brown was detained at his vehicle by a third officer. Upon returning from the chase, Braddock learned that Brown’s tag, decal, and registration were invalid. Having called for a tow truck to remove Brown’s vehicle, the officers began an inventory search of the vehicle. They found cannabis residue, leaves, and seeds in the passenger area and found the firearm in the jack box in the trunk.
First, Brown contends that the trial court erred in denying his motion to suppress because he was detained for an unreasonable amount of time for a traffic offense while officers dealt with his passenger. Generally, a traffic stop must last no longer than the time it takes to write the traffic citation. Thomas v. State, 614 So.2d 468 (Fla.1993). Brown argues that the frisk, pursuit, and arrest of the passenger were illegal, and that therefore his *461 detention during that time was also illegal. We reject Brown’s premise and agree with the trial court that Braddock had reasonable grounds to frisk the passenger. A routine stop does not in itself authorize a frisk, but furtive movements may give rise to a reasonable suspicion that someone is armed and dangerous. Hatcher v. State, 834 So.2d 314 (Fla. 5th DCA 2003). Evasive behavior is a factor in determining reasonable suspicion. Illinois v. Wardlow, 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). As described by Braddock, the passenger’s furtive, evasive movements suggested that he was scrambling to hide something, giving Braddock a reasonable belief that the passenger might be armed and grounds to frisk the passenger. It also justified the continued detention of Brown during the frisk. The touchstone of Fourth Amendment analysis is the reasonableness in all the circumstances of the governmental invasion of a citizen’s personal security. Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977). We do not think it was unreasonable for Braddock to interrupt his ticket writing, and thus to continue to detain Brown, to frisk the passenger for a weapon.
Nor do we conclude that the officers illegally chased the passenger. “[H]ead-long flight is the consummate act of evasion,” Wardlow, 528 U.S. at 124, 120 S.Ct. 673, and when the passenger escaped a valid frisk, the officers had a reasonable belief that crime was afoot. Furthermore, the continued detention of Brown during the chase and arrest was reasonable. Compare Williams v. State, 640 So.2d 1206 (Fla. 2d DCA 1994) (brief detention of driver and the other passengers while deputy gave chase to a passenger was a reasonable and necessary response to the exigent circumstances confronting the deputy).
Brown also contends that the officers conducted an illegal search of his vehicle. The passenger was validly arrested because the officers saw him toss away a bag containing cannabis and cocaine. When an officer makes a lawful custodial arrest of the occupant of a vehicle, the officer may search the passenger compartment of the vehicle as a contemporaneous incident of that arrest. New York v. Belton, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). Upon returning to Brown’s vehicle, the officers searched the front seat area of the vehicle and found cannabis seeds, leaves, and residue. Once the officers discovered the cannabis in the front of the vehicle, they had probable cause to conduct a search of the entire vehicle, including the trunk. See State v. Scott, 576 So.2d 411 (Fla. 3d DCA 1991) (holding that upon finding marijuana in the passenger compartment, they had probable cause to search laundry bag in trunk).
AFFIRMED.
PETERSON and TORPY, JJ., concur.