PALMER, J.
The State of Florida timely appeals the order entered by the trial court granting the motion to suppress filed by Jason Toussaint (the defendant). The order suppressed evidence that was obtained by law enforcement pursuant to a search of the defendant’s vehicle and person. Determining that the vehicle search was a permissible protective search, we reverse.[1]
The State charged the defendant with possession of cannabis with intent to sell or deliver,[2] possession of cocaine,[3] and possession of drug paraphernalia.[4] The charges arose out of a traffic stop by a deputy with the Orange County Sheriff’s Department.
The defendant filed a pre-trial motion to suppress drugs and drug paraphernalia *310 seized from his car and his person, arguing that law enforcement lacked probable cause to conduct the vehicle search and, thus, the contraband seized from the vehicle and subsequently from the defendant’s person was subject to suppression. The matter proceeded to a hearing.
At the hearing, Paul Hopkins, of the Orange County Sheriffs Office, testified that he performed a traffic stop of the defendant’s ear at 11:00 at night in a high crime area, after observing the car making a right turn at a red light without stopping. Upon entering the car’s license plate information into his computer, Hopkins discovered that the owner of the vehicle was a “career offender.” Hopkins also testified that he saw the defendant make three movements in the car, which he described as follows:
The first one was a lean just to the center area of the vehicle. Secondary one was a very large movement within the car. That’s where, based on what I saw him do, I believed that’s when he, I believe, he put the contraband into his groin area. And then the last one was a very far lean to the right.
Hopkins testified that, in his experience, this type of behavior indicates that the person may be reaching for a weapon.
After the defendant stopped his vehicle, he was ordered out of the car and directed to the front of the police vehicle. He consented to a pat-down search, and no weapons were found on his person. Hopkins testified that he requested permission to search the defendant’s vehicle:
Q. Okay. Now, did he give you consent to search his vehicle?
A. He did in a roundabout way.
Q. Okay. Explain that to the Court.
A. His words were — when I asked if I could search his vehicle, he said, no, but you can if you want to.
Q. Okay.
A. Which is not uncommon for people to say to us.
While Hopkins was using the electronic citation writing program in his car, a backup officer arrived. Once back-up arrived, Hopkins began a search of the defendant’s car. Upon opening the console compartment located in between the front seats, Hopkins discovered a plastic baggie containing cocaine. Hopkins then placed the defendant under arrest, handcuffed him, and conducted a search of his person. The search uncovered cannabis.
Upon review of the evidence, the trial court entered a written order granting the defendant’s motion, ruling:
First, ... [t]he Court is unconvinced that the consent by [the defendant] was freely and voluntarily given and was an unequivocal consent to search. Not any type of consent will suffice, but instead, only consent that is “unequivocally, specifically, and intelligibly given, uncontaminated by any duress and coercion.” United States v. Worley, 193 F.3d 380, 386 (6th Cir.1999) (citing United States v. Tillman, 963 F.2d 137, 143 (6th Cir.1992)); United States v. Cousin, No. 1:09-CR-89, 2010 WL 338087, at *4 (E.D.Tenn. Jan. 19, 2010); Tapia v. City of Albuquerque, 10 F.Supp.3d 1323, 1397-98 (Dist.N.M.2014).... The Court believes that the State has failed to meet their burden that the consent while freely and voluntarily given was not unequivocal ....
Second, the Court does not believe a “protective cursory search” of the vehicle was permissible.... The Court must look at the totality of the circumstances which the officer had facing him at the time of the decision to search the interi- or of the vehicle. In the case at bar, Hopkins had already removed [the defendant] from the vehicle, had [the de *311 fendant] fifteen to twenty feet from [the defendant’s] vehicle standing in front of Hopkins’ patrol car, and Hopkins further had Deputy Sheriff Cliborne standing next to [the defendant], Cliborne being in full uniform with a firearm, taser, and other law enforcement equipment. Furtive movements ... are insufficient to create reasonable suspicion that a defendant poses a threat without other objective facts. F.J.R. v. State, 922 So.2d 308, 311 (Fla. 5th DCA 2006). Leaning twice to the right and lifting up his buttocks along with [the defendant] having a criminal record and being in a high crime area is insufficient to give law enforcement officers authority to conduct a search of an automobile where the driver, [the defendant], is out of the car and being guarded by another law enforcement officer. The State has failed to show that the officer had a reasonable suspicion to search the vehicle. In Arizona v. Gant, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), the Supreme Court made it clear that the law enforcement cannot search a recent occupant’s vehicle unless the occupant ([the defendant]) was within reaching distance of the passenger compartment or it is reasonable to believe that the vehicle contained evidence of the arrest, neither of those exceptions apply herein.
The State challenges this ruling, first contending that the trial court erred in determining that the defendant’s response to Hopkins’ request for permission to search the car provided insufficient consent to search the car. We disagree.
Generally, a law enforcement officer may validly seek consent to search a vehicle during a legal traffic stop. See Schneckloth v. Bustamante, 412 U.S. 218, 222, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The officer need not have an objective justification or reasonable suspicion to ask for consent to search. See Watts v. State, 788 So.2d 1040, 1042-43 (Fla. 2d DCA 2001). To validate a war-rantless search, the State must show that the search falls within a constitutional exception, one of which is voluntary consent. See Hicks v. State, 852 So.2d 954, 960 (Fla. 5th DCA 2003). Consent must be given unequivocally and not be mere deference to the apparent authority of the police. See Thompson v. State, 555 So.2d 970, 971 (Fla. 2d DCA 1990). A search conducted pursuant to freely and voluntarily given consent is lawful. See Jorgenson v. State, 714 So.2d 423, 426 (Fla.1998). Whether consent is voluntary is a question of fact to be determined under the totality of the circumstances and established by a preponderance of the evidence. See id.; Oliver v. State, 642 So.2d 840, 841 (Fla. 4th DCA 1994).
Cox v. State, 975 So.2d 1163, 1168 (Fla. 1st DCA 2008). Here, the trial court concluded that no consent to search was given by the defendant since his response was equivocal. We find no error in this ruling.
Next, the State contends that the trial court erred by granting the suppression motion because the search of the defendant’s vehicle was an authorized protective search, based on Hopkins’ reasonable belief that the defendant may have hidden a weapon in his car. We agree.
The United States Supreme Court has articulated the following principles regarding protective searches of the passenger compartment of a vehicle:
Our past cases indicate then that protection of police and others can justify protective searches when police have a reasonable belief that the suspect poses a danger, that roadside encounters between police and suspects are especially hazardous, and that danger may arise *312 from the possible presence of weapons in the area surrounding a suspect. These principles compel our conclusion that the search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on “specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant” the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons. See Terry [v. Ohio], 392 U.S., [1] at 21, 88 S.Ct., [1868] at 1880[, 20 L.Ed.2d 889 (1968) ]. “[T]he issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.” Id., at 27, 88 S.Ct., at 1883. If a suspect is “dangerous,” he is no less dangerous simply because he is not arrested. If, while conducting a legitimate Terry search of the interior of the automobile, the officer should, as here, discover contraband other than weapons, he clearly cannot be required to ignore the contraband, and the Fourth Amendment does not require its suppression in such circumstances. Coolidge v. New Hampshire, 403 U.S. 443, 465, 91 S.Ct. 2022, 2037, 29 L.Ed.2d 564 (1971); Michigan v. Tyler, 436 U.S. 499, 509, 98 S.Ct. 1942, 1949, 56 L.Ed.2d 486 (1978); Texas v. Brown [460 U.S. 730, 739 744] 103 S.Ct. 1535, 1541, 1544, 75 L.Ed.2d 502 (1983) (plurality opinion by Rehnquist, J., and opinion concurring in the judgment by Powell, J.).
Michigan v. Long, 463 U.S. 1032, 1049, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). A suspect’s furtive movements inside a vehicle during a lawful traffic stop may give rise to a reasonable suspicion that the suspect is armed and dangerous. E.G., Brown v. State, 863 So.2d 459, 461 (Fla. 5th DCA 2004); see also State v. Kinnane, 689 So.2d 1088, 1089 (Fla. 2d DCA 1996) (holding the defendant’s furtive movements toward the floorboard of the car during a traffic stop justified the police officers’ protective search of the car).
Here, the trial court erred when it concluded that the totality of the circumstances did not provide Hopkins with reasonable suspicion to justify a protective search of the defendant’s vehicle because Hopkins knew the defendant was a career criminal and the stop was conducted in a high crime area at 11:00 at night. Additionally, Hopkins testified that he searched the defendant’s car because he was concerned the defendant might have had a weapon hidden inside and he did not want the defendant to be able to run to the car and arm himself. Further, Hopkins intended to have the defendant sit in his car while Hopkins wrote the traffic citation. These specific, articulable facts justified Hopkins’ protective search of the vehicle.
The trial court’s reliance on Arizona v. Gant, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), is misplaced. In Gant, the defendant was arrested for driving with a suspended license. He was handcuffed and placed in the back of a locked patrol car. Id. While he was in the locked patrol car, police searched his vehicle as a search incident to arrest. Id. at 335, 129 S.Ct. 1710. The Supreme Court held that police could “search a vehicle incident to a recent occupant’s arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search.” Id. at 343, 129 S.Ct. 1710. Here, the search of the defendant’s car was not a search incident to arrest. Although the trial court found that the defendant was “being guarded by another law enforcement officer,” the United States Supreme Court in Long rejected the argument that the removal of an occu *313 pant from a car removed any danger to the safety of the officers because the occupants no longer had access to weapons. See State v. Dilyerd, 467 So.2d 301 at 305 (Fla.1985) (“Respondent also urges, and the district court agreed, that the removal of the occupants from the car removed any danger to the safety of the officers because the occupants could no longer reach the weapons. This argument has been rejected by Long,”). While the defendant may have been guarded by another officer, he was not under arrest and, therefore, would have been able to return to his vehicle, giving him access to a potential weapon.
The trial court’s reliance on F.J.R. is also misplaced. That case involved the right of a passenger to walk away from a traffic stop and, thus, the ruling has no application to this case.
We reverse the trial court’s order granting the defendant’s motion to suppress and remand for further proceedings.
REVERSED and REMANDED.
COHEN and LAMBERT, JJ., concur.

. Jurisdiction is proper under rule 9.140(c)(1)(B) of the Florida Rules of Appellate Procedure.

. § 893.03(l)(c)7, Fla. Stat. (2013).

. §§ 893.13(6)(a); 893.03(2)(a)(4), Fla. Stat. (2013).

. § 893.147(1), Fla. Stat. (2013).