IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

VERNON JEFFERY WILLIAMS,

      Appellant,

 v.

STATE OF FLORIDA,

      Appellee.

Case No.  5D15-3225,
5D15-3226, 5D15-3227,
5D15-3228, 5D15-3229,
5D15-3230, 5D15-3231,
5D15-3232, 5D15-3233

_____/

Opinion filed November 4, 2016

Appeal from the Circuit Court
for Orange County,
Mark S. Blechman, Judge.

James S. Purdy, Public Defender, and
Steven N. Gosney, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Samuel A. Perrone,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM

Appellant was charged in multiple cases with committing a series of crimes, inter

alia, burglary of a structure, grand theft, and criminal mischief.  Appellant and the State

entered into a plea agreement in which Appellant pleaded guilty and, in turn, the State

waived imposition of mandatory minimum and enhanced sentencing.  The trial court

conducted a thorough plea colloquy during which it was clear that Appellant had certain mental or psychological issues which were then currently well managed with medication. The trial court found that Appellant understood the charges and the potential penalties, and that his guilty pleas were being made voluntarily. It was stipulated that there was a factual basis for each of the charges. Appellant agreed that his attorney had reviewed the cases with him and that Appellant was satisfied with his attorney. Following the plea colloquy, the court accepted the guilty pleas. Several weeks later, there was a separate evidentiary sentencing hearing and at its conclusion the trial court adjudicated Appellant guilty and imposed prison sentences of various lengths. Having carefully reviewed the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), we affirm the judgments and sentences which are the subject of this appeal; however, we reverse and remand for reconsideration of Appellant's motion to correct jail credit.

Two weeks after filing an amended notice of appeal seeking review of the judgments and sentences imposed in the aforementioned cases, Appellant filed a motion asking the trial court to correct his jail credit, asserting that he was entitled to 202 days of credit instead of the 2 days reflected in the various judgments. Two weeks later, the trial court denied Appellant's motion. Subsequently, this court ordered Appellant's counsel to further brief the issue of whether the trial court had jurisdiction to rule on the Appellant's motion while his appeals were pending.

Appellant asserts, and the State concedes, that the trial court was divested of jurisdiction once Appellant filed his notice of appeal. *See Kelly v. State*, 359 So. 2d 493, 494 (Fla. 1st DCA 1978) (holding that since the notice of appeal vested exclusive jurisdiction in the appellate court, the trial court did not have jurisdiction to correct the

2

initial sentence).  Accordingly, the order denying Appellant's motion to correct jail credit is quashed, and the trial court shall reconsider that motion following issuance of this Court's mandate.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.

SAWAYA, BERGER, and EDWARDS, JJ., concur.