668 So.2d 1075 (1996)
STATE of Florida, Appellant,
v.
Roger CROMATIE, Appellee.
No. 95-01838.
District Court of Appeal of Florida, Second District.
March 1, 1996.
*1076 Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Assistant Public Defender, Clearwater, for Appellee.
DANAHY, Acting Chief Judge.
The State of Florida challenges a suppression order entered in a prosecution for possession of cocaine. Based on the undisputed facts presented at the suppression hearing, we agree with the state that the trial court erred in concluding that, after a valid stop, the search during which the police discovered the cocaine was illegal.
Officer Mailhiot was patrolling in the late afternoon and observed a car with two occupants roll through a stop sign. Also, the car's left rear brake light was not operating properly. The appellee was the passenger in the front seat. The officer stopped the car, informed the occupants of the reason for the stop, had them remain in the vehicle, and ran their driver's licenses through a computer check which produced negative results. He then issued two citations for the traffic violations to the driver.
The officer then asked the driver if there was anything illegal in the car and if he could search the car. The driver consented to the search. At that point the two occupants exited the vehicle and stood nearby with back-up officers who had arrived in the meantime. The search produced a cigarette package containing several pieces of folded aluminum foil whose contents tested positive for cocaine. Based on this finding the driver and the appellee were taken into custody and placed in separate patrol cars. Upon questioning, the driver admitted that the cigarette pack belonged to him but denied any knowledge of the drugs contained in it. Because the driver admitted to owning the cigarette pack, the officer decided to release the appellee. After the appellee emerged from the back seat of the patrol car, an officer checked it and found cocaine. Based on this second finding of cocaine, the appellee was arrested. It is the evidence of cocaine found in the back of the patrol car which the trial court suppressed.
The appellee argues that the stop which began as a valid traffic stop turned into an illegal stop because it was prolonged beyond its lawful purpose once the citations for the two traffic violations were issued. See Powell v. State, 649 So.2d 888 (Fla. 2d DCA 1995). The appellee's only possible argument must be based on the validity vel non of the prolonged stop since it is clear that the appellee has no standing to contest the search of the car or the consent given for that search by the driver. We find it is the consent given by the driver to the search of his car, setting up the sequence of events which eventually led to the discovery of the appellee's possession of cocaine, which legalizes these events and shields the evidence from suppression.
*1077 During a valid traffic stop, or even if a valid traffic stop has had its lawful function completed and turns into a citizen encounter, there is no reason a law enforcement officer cannot ask for consent to search. Cf. State v. Vera, 666 So.2d 576, n. 2 (Fla. 2d DCA 1996) (citing Bostick v. State, 593 So.2d 494 (Fla.1992)). Once a police officer obtains a valid consent to search, certain procedures are reasonable given the safety concerns of officers. Cf. Michigan v. Summers, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981) (three identifiable law enforcement interests justifying limited detention of occupants during search of premises pursuant to valid search warrant are: (1) preventing flight in event incriminating evidence found; (2) minimizing risk of harm both to officers and occupants; and (3) orderly completion of search). In the context of a legal stop, our sister court in State v. Fleming, 663 So.2d 1353 (Fla. 5th DCA 1995), cited Michigan v. Summers when it reversed a suppression order where a suspected armed robber was subject to an extended Terry stop based upon a recent police bulletin.
Based on Michigan v. Summers and State v. Fleming, we conclude that the officer conducting the traffic stop could request permission to search the car and detain all occupants of the car until he completed the search. We find further support in our decision in Williams v. State, 640 So.2d 1206 (Fla. 2d DCA 1994), which involved occupants of a lawfully stopped vehicle who were properly detained while the officer chased one of the occupants who fled. Upon the officer's return within a short time the driver consented to a search of the vehicle. The officer's search turned up contraband in the car. After the defendant, who was one of the detained passengers, exited the police vehicle where his detention took place, contraband was found in the police vehicle. Based on these circumstances this court concluded that suppression of the contraband found in the police vehicle was properly denied. When the driver's consent leads, as it does in the case before us and as it did in Williams, to discovery of a passenger's abandoned contraband, such abandonment cannot be deemed involuntary since the initial stop was lawful as were all circumstances stemming from that stop.
We reverse the order of suppression and remand for further proceedings.
ALTENBERND and FULMER, JJ., concur.