730 So.2d 364 (1999)
Terrance JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1221
District Court of Appeal of Florida, Fourth District.
March 24, 1999.
*365 Sidney Z. Fleischman of Fleischman & Fleischman, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Appellant, Terrance Jackson, challenges the trial court's order denying his motion to suppress cocaine discovered in a pair of shorts that he removed from his duffle bag during a consensual search. Appellant argues that his act of removing the shorts from the bag demonstrated that the scope of his consent did not include the shorts. We agree with appellant and reverse.
After appellant boarded a greyhound bus, two police officers conducting random checks of passenger luggage for contraband and firearms asked appellant for permission to search his bag and all containers therein. Appellant consented to the search and unzipped the bag, saying "see, there's nothing in here." While the officers shifted items in the bag, appellant removed a pair of shorts and placed them next to him on his seat. Noticing something oblong wrapped in the shorts, one of the officers grabbed them because he suspected appellant was hiding something since appellant was being "a little bit too cooperative." Thereafter, the officer uncovered a package which contained cocaine.
An individual may define as he chooses the scope of a consensual search. See Florida v. Jimeno, 500 U.S. 248, 250, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991). Additionally, once consent has been given, the individual may, at any time during the search, withdraw consent by words or actions. See Jimenez v. State, 643 So.2d 70, 72 (Fla. 2d DCA 1994)(holding that although the defendant initially consented to a pat-down search, he withdrew his consent when he twice grabbed the deputy's hand in an apparent attempt to stop the search of the cigarette package in his pocket).
Appellant's removal of the shorts from the duffle bag during the search indicated that he withdrew any prior consent to the search of the shorts. Because the uncontradicted facts compel but one reasonable conclusionthat appellant withdrew consent before the police developed probable cause to believe that he possessed contrabandwe reverse and remand for further proceedings consistent with this opinion. See Goldberg v. State, 407 So.2d 352 (Fla. 4th DCA 1981)(holding that the trial court erred in denying the defendant's motion to suppress because the defendant withdrew consent to the search, and the officer admitted that only a hunch suggested that an oblong package in the suspect's pocket contained contraband).
REVERSED and REMANDED.
DELL and HAZOURI, JJ., concur.