878 So.2d 411 (2004)
The STATE of Florida, Appellant,
v.
Harry BARMEIER, Appellee.
No. 3D03-1376.
District Court of Appeal of Florida, Third District.
June 16, 2004.
Rehearing Denied August 4, 2004.
*412 Charles J. Crist, Jr., Attorney General, and Jill Traina and Jason Helfant, Assistant Attorneys General, for appellant.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellee.
Before LEVY, GERSTEN, and WELLS, JJ.
PER CURIAM.
The State of Florida appeals from an Order granting the Defendant's Motion to Suppress evidence. We reverse.
A trial court's ruling on a Motion to Suppress is clothed with a presumption of correctness, requiring the reviewing court to interpret the evidence and reasonable inferences in a manner most favorable to sustaining the ruling. Shannon v. State, 753 So.2d 148, 149 (Fla. 3d DCA 2000). Recently, in Connor v. State, 803 So.2d 598 (Fla.2001), the Supreme Court of Florida explained that mixed questions of law and fact, such as whether the defendant was in custody or the determination of probable cause or reasonable suspicion, that ultimately determine constitutional rights, require that the reviewing court defer to the trial court on questions of historical facts but review the constitutional issue de novo. Connor, 803 So.2d at 605-06 (citing U.S. v. Bajakajian, 524 U.S. 321, 337 n. 10, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998)). "[A]ppellate courts must independently review mixed questions of law and fact that ultimately determine constitutional issues arising in the context of the *413 Fourth ... Amendment...." Connor, 803 So.2d at 608.
In the instant case the facts are undisputed. The defendant called 911 in the early morning hours, complaining that his tenant was yelling and banging on his car. The officers were dispatched to the defendant's residence. Upon arriving, the officers remembered previous calls to the home. As officers approached the defendant's house, the front door was wide open. The officers knocked and yelled out. After no response, the officers went to the adjoining house where the tenant lived and asked the tenant about the incident. The tenant indicated that he did not know of any calls to police. The officers then returned to the defendant's home. They then knocked and yelled out but received no response. At this point, the officers entered and proceeded through the home. As they approached the kitchen area, they saw the defendant walking through the backyard, approaching the house with a green leafy substance in his hand. The green leafy substance was a marijuana leaf. Simultaneously, the officers noticed pots inside the house, which also contained marijuana leaves. The defendant was arrested as a result.
The defendant filed a Motion to Suppress, challenging the search, and disputed the officers' suggestion that exigent circumstances existed for a warrantless search. The trial court agreed with the defendant and granted the motion.
This Court has previously recognized that the "Fourth Amendment does not bar police officers from making warrantless entries and searches when they reasonably believe that a person within is in need of immediate aid." Grant v. State, 374 So.2d 630, 631 (Fla. 3d DCA 1979). Moreover, police may seize any evidence that is in plain view during the course of their legitimate emergency activities. Id. at 632 (citing Michigan v. Tyler, 436 U.S. 499, 510, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978)). In Grant, officers responded to a 911 call from the defendant that his son had been shot. When the officers entered the apartment they discovered a shotgun and a .32 caliber handgun in plain view near the decedent's body. Officers then recovered several guns from around the defendant's apartment. This Court affirmed, among other things, the trial court's denial of the defendant's Motion to Suppress the guns that were in plain view. Id.
Similarly, in Webster v. State, 201 So.2d 789 (Fla. 4th DCA 1967), the Court found that exigent circumstances existed for warrantless entry into the defendant's home where officers, who proceeded through the defendant's house to advise family members of defendant's attempted suicide, saw a person lying on the bed with a pillow over her head, and did not respond to the officers' loud knocking or to the shine of their flashlight. Webster, 201 So.2d at 790-91. Officers also had information that the defendant previously indicated that he would kill himself if anything happened to his wife. Id. at 791. The Court recognized the applicability of the exigency rule. "The reasonableness of an entry by police upon private property is measured by the circumstances then existing.... [A] search warrant is not required to legalize an entry by police for the purpose of bringing emergency aid to an injured person. Id. at 792.
In State v. Boyd, 615 So.2d 786 (Fla. 2d DCA 1993), the Court found that an officer's warrantless search of defendant's home was justified under the exigency rule where the officer was dispatched to the residence on reports that there was a man setting off a firearm in defendant's yard. When officers arrived, the defendant was holding a gun and appeared angry. The *414 officer found several shells in the yard near the open front door and received no response from within. The officer testified that he entered to see if there were injured persons in the house. See also State v. Hetzko, 283 So.2d 49 (Fla. 4th DCA 1973)(where officers responding to a call, found the front door slightly ajar, music playing loudly, and the defendant sitting limply on a chair. The officers entered the defendant's apartment to determine the defendant's condition and, in plain view, saw a clear plastic baggie containing marijuana. The Court found that under the circumstances, exigent circumstances existed).
The instant case appears to be on all fours with Webster and Boyd. The officers were responding to a 911 call from the defendant regarding a disturbance and confrontation with a tenant. Upon arriving at the defendant's house, the officers knocked on the open door and announced their presence but received no response. After additional investigation, and discussion with the neighbor/ tenant, officers again went to the defendant's house, knocked on the door, and announced their presence. The officer in the instant case testified that, because of his history of responding to calls at this address, he was concerned that the defendant might be inside the house and injured. Not hearing any response from within, the officers entered the house and proceeded through to the back where they saw the defendant holding a marijuana plant and, in plain view inside the house, noticed additional marijuana plants. At the hearing on defendant's Motion to Suppress, and here on appeal, the defendant makes much of the fact that he told the 911 operator to forget that he called. However, there is no evidence in the Record that the officers were advised of this information. Accordingly, based on the information provided to them, and the totality of the circumstances, the officers properly proceeded into the defendant's house.
In light of the foregoing, we find that the exigency rule applies to support the officers' entry into the defendant's home. Accordingly, the Order granting the defendant's Motion to Suppress is reversed, and the matter is remanded for further proceedings.
Reversed and remanded.