917 So.2d 206 (2005)
STATE of Florida, Appellant,
v.
John W. BREED and Olivia Breed, Appellees.
No. 5D04-282.
District Court of Appeal of Florida, Fifth District.
June 10, 2005.
Rehearing Denied January 4, 2006.
*207 Charles J. Crist, Jr., Attorney General, Tallahassee, and Judy Taylor Rush, Assistant Attorney General, Daytona Beach, for Appellant.
Ronald E. Fox of Ronald E. Fox, P.A., Umatilla, for Appellees.
THOMPSON, J.
The State of Florida ("State") appeals an order granting John W. and Olivia Breed's motion to suppress evidence obtained subsequent to a traffic stop. The State contends that the trial judge erred when it granted the motion to suppress. We agree and reverse.
After the traffic stop, the Breeds consented to a search of their motor home. The seized evidence led to charges of possession of a controlled substance, possession of cannabis over 20 grams, and possession of paraphernalia. Thereafter, the Breeds filed a motion to suppress the evidence and statements made pursuant to the search.
At the suppression hearing, Department of Transportation Officer Charles Hunter testified that he stopped the Breeds after observing their motor home had a cracked windshield. Hunter asked Mr. Breed for his driver's license and registration. Mrs. Breed advised the officer that the registration for the vehicle in tow was in the motor home. Hunter then asked the Breeds to step outside the vehicle. As they exited their vehicle, Hunter asked the Breeds if they had "any contraband, any knives, guns, grenades, narcotics, large sums of cash, alcohol in the vehicle, [among] the contents of the vehicle." The Breeds replied no, but they had kitchen knives in the motor home. At that point, Hunter asked for, and received, consent from the Breeds to search their persons and the motor home. The consent occurred within five minutes of the stop. Officer Pelton searched the motor home and, after a two to three hour search, found marijuana.
In its oral disposition, the trial court ruled that the Breeds' consent to search their vehicle was "for a cursory search of the vehicle to look for ... possible dangerous items to the officer or whatever, but certainly not a full-blown search that was going on here keeping these people detained for this length of time."
And so they're sitting on the side of the road because they consented to search the vehicle for now up to twenty-five minutes in the scheme of things, and the officer hasn't done one lick of work towards writing a citation. I find that personally outrageous in my opinion. I'd be dad-gum irritated if an officer kept me on the side of the road for twenty-five minutes writing a traffic citation when he knew my  without writing a traffic citation, and he was going through my vehicle because I consented.
I find  and only for the purposes of this case only that the consent that was given was consent to  for a cursory search of the vehicle to look for, you know, possible dangerous items to the officer or whatever but certainly not a full-blown search that was going on here keeping these people detained for this length of time.
In its written order, the trial court suppressed all physical evidence seized and all incriminating statements made by the Breeds and ruled:

*208 1. The initial traffic stop by Officer Hunter to inspect the safety of a damage[d] windshield was authorized.
2. Officers searched the vehicle for an unreasonable amount of time without making any effort to write the correction notice ultimately issued for the damaged windshield.
3. By the time the contraband sought to be suppressed was discovered the Accused and their vehicle had been illegally detained for an unreasonable amount of time in violation of the protection against unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and Article I Section 12 of the Florida Constitution.
The State argues that the trial court erred in granting the Breeds' motion to suppress because they consented to a search of their motor home. We agree.
We begin our inquiry by determining the trial court's reasons for granting the motion to suppress. The trial court articulated two reasons: One, the officers took an unreasonable time to write the traffic citation after the stop. Two, the Breeds were detained an unreasonable time before the contraband was discovered. Thus, the unreasonable time violated the Breeds' protection against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and Article I, Section 12 of the Florida Constitution.
The trial court properly applied the law when it concluded that the initial stop for the cracked windshield was a valid stop. In Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), the United States Supreme Court ruled that it is not a violation of the Fourth Amendment for a law enforcement officer to temporarily detain a motorist for a civil traffic infraction where the officer has probable cause to believe a violation occurred. The reasonableness of the traffic stop is based upon the validity of the basis asserted by the officer making the stop. Id. at 814, 116 S.Ct. 1769.
Numerous Florida cases have held that a traffic stop is valid and does not violate the Fourth Amendment if an officer stops a motor vehicle for the non criminal traffic infraction of driving with a cracked windshield. See Hilton v. State, 901 So.2d 155 (Fla. 2d DCA 2005) (en banc); K.G.M. v. State, 816 So.2d 748 (Fla. 4th DCA 2002); Smith v. State, 735 So.2d 570, 571-572 (Fla. 2d DCA 1999); Thomas v. State, 644 So.2d 597 (Fla. 5th DCA 1994). Additionally, a police officer is permitted to order the vehicle's passengers to exit the vehicle, after the stop, pending the completion of the inspection. See Maryland v. Wilson, 519 U.S. 408, 415, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997); Smith, 735 So.2d at 571-572.
However, the trial court misapplied the law when it determined that the length of time necessary to issue a traffic citation was too long. Specifically in this case, the officer did not detain the Breeds by delaying the issuance of a citation as a subterfuge; the Breeds gave consent to search their motor home within a short time of the stop. Where an officer stops a vehicle in order to issue a non criminal traffic citation, and there is no suspicion of criminal activity, the officer may not, without more information, detain the individual longer than is reasonably necessary to issue a citation. See Thomas v. State, 614 So.2d 468, 471 (Fla.1993); Cresswell v. State, 564 So.2d 480, 481 (Fla.1990). Once the purpose of the initial stop and detention has been satisfied, the officer no longer has any legal ground to continue to detain a motorist absent a reasonable, articulable suspicion of illegal activity. Florida *209 v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); State v. Diaz, 850 So.2d 435 (Fla.2003). The detention may, however, continue if the driver freely and voluntarily consents to a search of himself or the vehicle. See State v. Kindle, 782 So.2d 971, 973 (Fla. 5th DCA 2001). Here, consent to search was given within five minutes of the initial stop.
The voluntariness of the consent to search is a question for the trial court and should not be disturbed on appeal unless the determination is clearly erroneous. Id. at 975. The record in this case supports the finding that consent was given. The ultimate question is whether the Breeds' consent was limited. The trial court viewed the Breeds' consent to be for a limited or "cursory search" of their vehicle. We disagree with the trial court that their consent was only for a limited search. The trial court stated that the Breeds' consent was "for a cursory search of the vehicle to look for ... possible dangerous items to the officer or whatever but certainly not a full-blown search that was going on here keeping these people detained for this length of time." We find no competent, substantial evidence in the record to support the trial court's finding that the Breeds gave a limited consent for the search of their motor home. Id. Further, we have not been presented with a case that supports the trial court's finding that once permission is given for a search, it must be concluded within 25 minutes. If consent is freely and voluntarily given, illegal narcotics seized incident to that search will generally be shielded from suppression. Id. at 973.
We conclude that it was error for the court to suppress the evidence based upon the opinion that the Breeds sat on the side of the road for too long while the search they consented to was being conducted. There was uncontroverted testimony that DOT Officer Hunter did not write the traffic citation until either during or after the search of the motor home, but that is not a basis to invalidate the search. Once the DOT officers requested and obtained permission to search the vehicle or a person, they could detain all occupants of the vehicle until the search was completed. See State v. Cromatie, 668 So.2d 1075 (Fla. 2d DCA 1996).
In this case, Hunter received consent from the Breeds to search their persons and the motor home for contraband, and Hunter's partner, Officer Pelton, searched the motor home. While a search lasting two to three hours may be considered lengthy, Officer Pelton was searching a motor home and not a small vehicle. Moreover, the Breeds did not argue at trial or on appeal that their consent was coerced or involuntary, or that they attempted to revoke their consent or to limit the scope of the search at any time during the search.[1] The uncontroverted evidence presented shows that the length of the search was determined by the size of the motor home being searched. While the ruling of the trial court on a motion to suppress comes to the appellate court clothed with the presumption of correctness and is accorded great deference, it must be supported by record evidence. See Walker v. State, 707 So.2d 300 (Fla. 1997); Johnson v. State, 438 So.2d 774 (Fla.1983); McNamara v. State, 357 So.2d 410 (Fla.1978). We reverse because there is no record support for the trial court's findings that the Breed's consent to search was limited.
REVERSED AND REMANDED.
*210 PLEUS, J., concurs.
MONACO, J., concurs and concurs specially, with opinion.
MONACO, J., concurring specially.
While I certainly empathize with the ruling of the trial judge, and while I am deeply concerned with the length of time that was taken by law enforcement to conduct this relatively simple search of the motor home owned by the appellees, I concur in the conclusion that the search should not have been suppressed because the consent given by the appellees was not limited, and was never withdrawn. The scope of a consensual search is defined specifically by the consent given, and is generally limited to what a reasonable person would understand to be the object of the search. See State v. Wells, 539 So.2d 464 (Fla.1989); Alamo v. State, 891 So.2d 1059 (Fla. 2d DCA 2004). After all, the Fourth Amendment protects the right of the people to be secure "against unreasonable searches and seizures." In the final analysis the consent to search here was not limited by the appellees, and they made no effort to withdraw their consent at any time.
NOTES
[1] The Breeds offered no testimony or evidence during the suppression hearing to contradict the testimony of the DOT officers.