952 So.2d 586 (2007)
STATE of Florida, Appellant,
v.
Willie BOLES, Appellee.
No. 4D06-977.
District Court of Appeal of Florida, Fourth District.
March 14, 2007.
*587 Bill McCollum, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellee.
WARNER, J.
The state appeals an order suppressing evidence seized in a consent search of a vehicle. The trial court found that because the officer conducting the search *588 required the defendant to exit the vehicle, Popple v. State, 626 So.2d 185 (Fla.1993), required reversal. We conclude that Popple does not control this consensual search, and having the defendant exit the vehicle so the officer could engage in the search to which the defendant consented does not constitute an unlawful search and seizure. We reverse.
Broward County Sheriff Deputy Schneider stopped defendant Boles for driving his vehicle without operable taillights, a traffic violation. After checking his license and registration, Schneider decided not to issue a citation. Although he did not suspect Boles of any criminal violations, Schneider asked if he could check the vehicle for narcotics or weapons. According to Schneider, Boles consented to the search. Schneider then "had the driver, Mr. Boles, step out of the car." As Boles stepped out of the vehicle, he dropped a glass pipe from his right hand. Schneider recognized the pipe as drug paraphernalia. He seized the pipe, field-tested the pipe for cocaine, which tested positive, and then arrested Boles.
Boles moved to suppress the evidence. In granting the motion to suppress, the court felt constrained by Popple and determined that because Schneider had completed the purpose of the stop at the time he requested consent to search the vehicle, the consent was mere acquiescence to authority and thus unlawful because it was not supported by reasonable suspicion. The state appeals this ruling.
The state maintains that the trial court misapplied the law to the facts in this case. According to the state, after Schneider returned Boles' paperwork, the traffic stop turned into a citizen encounter, and Schneider could legitimately ask Boles for consent to search the vehicle. Boles concedes that Schneider was permitted to ask for consent to search Boles' car. However, Boles contends that he did not consent to being removed from his car. Thus, Boles claims that when Schneider directed him to exit the car, the consensual encounter turned into an unlawful seizure.
When a driver is lawfully stopped for a traffic violation, once the purpose of the initial stop and detention has been satisfied, absent a reasonable, articulable suspicion of illegal activity, the officer no longer has a legal basis to continue to detain the motorist. State v. Breed, 917 So.2d 206, 208 (Fla. 5th DCA 2005). However, "[d]uring a valid traffic stop, or even if a valid traffic stop has had its lawful function completed and turns into a citizen encounter, there is no reason a law enforcement officer cannot ask for consent to search." State v. Cromatie, 668 So.2d 1075, 1077 (Fla. 2d DCA 1996). If a driver freely and voluntarily consents to a search of himself or the vehicle, the detention may continue, see State v. Johns, 920 So.2d 1156, 1158 (Fla. 2d DCA 2006), and narcotics seized incident to that search will generally be shielded from suppression. State v. Kindle, 782 So.2d 971, 973 (Fla. 5th DCA 2001).
Here, Boles agreed to the search of his vehicle. He contends, however, that the officer did not ask nor did he consent to his removal from his vehicle. We reject this reasoning. Instead, we conclude that the consent to search the vehicle necessarily includes the removal of any persons in the vehicle in order to facilitate the search. Of course, because the search is consensual, the person who has consented may withdraw his consent and refuse to exit the vehicle.
The case most closely analogous to the instant case is State v. Cromatie, 668 So.2d 1075 (Fla. 2d DCA 1996). There, a police officer stopped a vehicle for traffic infractions. After the officer issued citations, he *589 asked the driver if he could search the vehicle and the driver consented. The two occupants exited the vehicle and stood nearby. The search produced drugs and paraphernalia. In reversing an order of suppression, the Second District noted:
Once a police officer obtains a valid consent to search, certain procedures are reasonable given the safety concerns of officers. Cf. Michigan v. Summers, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981) (three identifiable law enforcement interests justifying limited detention of occupants during search of premises pursuant to valid search warrant are: (1) preventing flight in event incriminating evidence found; (2) minimizing risk of harm both to officers and occupants; and (3) orderly completion of search).
Id. at 1077. The court concluded that it was permissible for the officer to detain all occupants of the car until he completed the search.
Similarly, once Boles consented to the search of his vehicle, certain procedures such as his removal from the vehicle were objectively reasonable and could be characterized as ensuring the orderly completion of the search. How else can an officer search without having the occupants remove themselves from the car? Otherwise, officers would either not be able to search or would be in danger of committing a technical battery by touching the individuals seated in the vehicle while attempting a search.
We distinguish Popple, relied on by the trial court, because no consensual search was involved in that case. There, Popple was sitting in a legally parked car when a deputy approached from the rear. After the deputy noticed Popple making furtive movements, he asked Popple to exit the vehicle to insure officer safety. As Popple opened the door, the officer saw a cocaine pipe on the floorboard of the car. Popple was convicted of possession of cocaine and drug paraphernalia. The trial court denied Popple's motion to suppress, and the supreme court reversed. The supreme court found that whether the officer requested or ordered Popple from the vehicle, in either case a direction to exit the vehicle constituted a show of authority which constrained Popple's freedom of movement. Without reasonable suspicion necessary to commence an investigatory stop, the initial detention was illegal and the evidence was unconstitutionally seized. Popple, 626 So.2d at 188.
In Popple, the officer did not ask for consent to search the vehicle. That difference is crucial, because as we indicated before, exiting the vehicle must be considered as part of the consent to search the vehicle. The standard for measuring the scope of consent under the Fourth Amendment is objective reasonableness, i.e., what a reasonable person would have understood the exchange of words to mean under the circumstances. Allen v. State, 909 So.2d 435, 438 (Fla. 5th DCA 2005). A reasonable person would have understood that by consenting to a search of his vehicle, it would be necessary to exit the vehicle so that the officer could search the driver's side area.
Because Boles' exiting of the vehicle was merely part of the orderly search to which he consented, the drug paraphernalia was seized pursuant to a consensual search. We therefore reverse the trial court's order of suppression and remand for further proceedings.
Reversed and remanded.
STEVENSON, C.J., and TAYLOR, J., concur.