958 So.2d 402 (2007)
Milton MAY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-733.
District Court of Appeal of Florida, Second District.
March 30, 2007.
Rehearing Denied May 3, 2007.
James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Appellee.
LaROSE, Judge.
Milton May appeals his convictions and sentences for possession of marijuana, methamphetamine, and drug paraphernalia. He argues that the trial court erroneously denied his motion to suppress contraband found during a traffic stop of a truck in which he was a passenger. Because Mr. May was legally detained and abandoned the contraband, we affirm.
Deputy Cronin stopped a truck driven by Raymond Maines because it had no tag light. He asked Mr. Maines for his license and registration; he asked Mr. May for identification. Mr. Maines admitted that his license was suspended, thus providing probable cause for his arrest. See Rennard v. State, 675 So.2d 1006, 1008 (Fla. 2d DCA 1996); State v. Pugh, 635 So.2d 999, 1000 (Fla. 2d DCA 1994). Mr. May gave Deputy Cronin an identification card. Deputy Cronin returned to his cruiser to run a name check. Deputy Kincaid arrived as backup. He walked around the truck to ensure there was nothing on the ground. Deputy Cronin returned to the truck to arrest Mr. Maines and ordered him out of the vehicle. Mr. May tried to exit at the same time, but Deputy Cronin ordered him to stay inside.
As Deputy Cronin talked to Mr. Maines, Deputy Kincaid stood by the right passenger door. Mr. May attempted to reach into his jacket pocket. Mr. May opened the door and tried to exit several times, but Deputy Kincaid directed him to stay in the truck. At one point, Deputy Kincaid saw a small blue pouch, an orange pill bottle, and a pack of cigarettes fall to the ground from the passenger side. He noticed *404 that Mr. May's jacket pocket was turned inside out.
After arresting Mr. Maines, Deputy Cronin placed him in the cruiser. Even though the deputies had the right to search the truck incident to the arrest, see State v. Frierson, 926 So.2d 1139, 1145 (Fla.2006), Mr. Maines consented to a search of his truck. All the while, Mr. May remained seated in the truck. Deputy Cronin left Mr. Maines secured in the cruiser and returned to the truck to talk to Mr. May.
Deputy Kincaid told Deputy Cronin that Mr. May had dropped the pouch, pill bottle, and cigarette pack from the truck. Deputy Kincaid examined these items and found a syringe, baggies of methamphetamine, marijuana, and a spoon with methamphetamine residue. Mr. May admitted to owning the cigarette pack. When Deputy Cronin searched the truck bed, he found a duffle bag containing a scale dusted with methamphetamine residue. The bag also contained a letter addressed to Mr. May.[1] Mr. May was arrested for drug-related offenses.
Mr. May moved to suppress the contraband found on the ground, arguing that Deputy Kincaid seized it through an illegal detention and search. The State argued that Mr. May was legally detained and had abandoned the contraband. See Williams v. State, 640 So.2d 1206, 1208 (Fla. 2d DCA 1994). The trial court agreed with the State and denied Mr. May's motion.
If a defendant abandons property as a result of an illegal detention, the trial court should suppress the evidence. Welch v. State, 689 So.2d 1240, 1241 (Fla. 2d DCA 1997); Cox v. State, 586 So.2d 1321, 1322 (Fla. 2d DCA 1991). Here, however, the deputies lawfully detained Mr. May. See State v. Holland, 680 So.2d 1041, 1044 (Fla. 1st DCA 1996), aff'd, 696 So.2d 757 (Fla.1997) (holding that detention is legal where valid objective reason supports it). Because Mr. Maines' driver's license was suspended, Deputy Cronin had reasonable cause to arrest him; thus, he also had authority to search the truck incident to the arrest. See Frierson, 926 So.2d at 1144. All occupants may be detained during a valid search of a vehicle. See State v. Cromatie, 668 So.2d 1075, 1077 (Fla. 2d DCA 1996); State v. Breed, 917 So.2d 206, 209 (Fla. 5th DCA 2006). The contraband found on the ground was admissible against Mr. May because he abandoned it during his legal detention. See Williams, 640 So.2d at 1208. Consequently, we affirm the trial court's denial of his motion to suppress.
Affirmed.
CASANUEVA and SALCINES, JJ., Concur.
NOTES
[1] The items discovered in the truck bed were not the subject of Mr. May's motion to suppress.