992 So.2d 360 (2008)
STATE of Florida, Appellant,
v.
Dave R. FORD, Appellee.
No. 1D07-4251.
District Court of Appeal of Florida, First District.
October 2, 2008.
*361 Bill McCollum, Attorney General, and Philip W. Edwards, Assistant Attorney General, Tallahassee, for Appellant.
Yveline F. Paul, Homestead, for Appellee.
PER CURIAM.
The State appeals an order suppressing evidence of marijuana that a deputy sheriff found in the tractor of appellee Dave Ford's semi-truck. The record demonstrates the deputy sheriff searched the tractor pursuant to a consensual encounter that followed a lawful traffic stop. "[I]f a valid traffic stop has had its lawful function completed and turns into a citizen encounter, there is no reason a law enforcement officer cannot ask for consent to search." State v. Cromatie, 668 So.2d 1075, 1077 (Fla. 2d DCA 1996).
Furthermore, nothing of record supports the trial court's summary conclusion that Ford did not voluntarily consent to the search. Contrary to the trial court's conclusion, no controlling parallels exist between this case and State v. Diaz, in which a police officer unlawfully detained a motorist, after determining the motorist had not violated any traffic laws, and obtained incriminating information during the unlawful detention. 850 So.2d 435 (Fla.2003). Here, the record shows Ford's undoubtedly lawful detention had ended and a consensual encounter had begun before the deputy sheriff sought consent to search.
REVERSED and REMANDED for further proceedings.
KAHN, LEWIS and POLSTON, JJ., concur.