995 So.2d 1011 (2008)
Bryan Keith JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-0507.
District Court of Appeal of Florida, First District.
October 24, 2008.
Rehearing Denied December 8, 2008.
*1012 Nancy Daniels, Public Defender, and Laura Anstead, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Philip W. Edwards, Assistant Attorney General, Tallahassee, for Appellee.
HAWKES, J.
Appellant in this direct criminal appeal argues the trial court improperly denied his dispositive motion to suppress evidence seized during a search of his person. The question we must answer is whether the consent to search given by appellant remained valid after he was unlawfully detained. We find it did not and reverse.

*1013 FACTS

Appellant was charged with actual or constructive possession of various illegal drugs. The drugs were found on his person during a road side search. Appellant moved to suppress, arguing the search was illegal.
At the hearing on the suppression motion, the State called Deputy Hendershott. Eight points of the deputy's testimony are significant here: (1) He stopped the vehicle in which Appellant was traveling as a passenger for not having a visible tag light; (2) He informed Appellant and the driver that he was issuing a warning for the tag light; (3) He asked Appellant and the driver if there was anything illegal in the car, then asked if they would consent to a search of their persons; (4) Both Appellant and the driver gave consent to a search, but before he searched Appellant and the driver, Appellant opened the car door to exit the vehicle; (5) At this point, he ordered Appellant "to sit tight"; (6) By this time, two additional officers had arrived on the scene and were standing at the rear of the vehicle; (7) After searching the driver, he instructed Appellant to exit the vehicle to be searched; and (8) He found a small bag of cocaine in Appellant's front coat pocket and marijuana in Appellant's sock.
The trial court accepted the deputy's testimony, finding the reason for the traffic stop was valid, finding Appellant gave consent to be searched, and finding a reasonable person in Appellant's position would have felt free to leave the scene prior to the deputy's command to remain in the car. The trial court emphasized that, until this point, the encounter was lawful and consensual.
The trial court then stated that "there was no legal basis for [Appellant] to have been detained at the point in time that he opened the car door and was told to sit back down[,]" and concluded the deputy's command precipitated "an illegal detention." Nevertheless, the trial court found the illegal detention before the search took place did not invalidate Appellant's consent. Therefore, the trial court denied the motion to suppress.

CONSENT TO SEARCH
Review of a motion to suppress is a mixed question of fact and law. See State v. Leonard, 764 So.2d 663, 664 (Fla. 1st DCA 2000). An appellate court must examine the trial court's factual findings to determine whether they are supported by competent, substantial evidence, and analyze its application of the law to the facts de novo. See Williams v. State, 721 So.2d 1192, 1193 (Fla. 1st DCA 1998); Phuagnong v. State, 714 So.2d 527, 529 (Fla. 1st DCA 1998). The evidence and the reasonable inferences drawn therefrom must be viewed "in a light most favorable to affirming the trial court's rulings." Ingram v. State, 928 So.2d 423, 428 (Fla. 1st DCA 2006); see also Harford v. State, 816 So.2d 789, 791 (Fla. 1st DCA 2002). When applying the facts to the law regarding search and seizure, an appellate court is bound to all United States Supreme Court decisions on the subject. See Bernie v. State, 524 So.2d 988, 991 (Fla.1988); Green v. State, 824 So.2d 311, 313 (Fla. 1st DCA 2002).
The deputy's testimony provided competent, substantial evidence to support the trial court's factual findings. The record also supports the trial court's finding that the deputy's command for Appellant to remain in the vehicle elevated the citizen's encounter to an unlawful detention.[1] The *1014 issue lies in the application of these findings to the law.
The United States Supreme Court has held that "[w]hen a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, freely and voluntarily given." Bumper v. North Carolina, 391 U.S. 543, 548, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); see also Davis v. State, 594 So.2d 264, 266 (Fla. 1992) (stating voluntary consent is a prerequisite for a proper constitutional search). The prosecution has been unable to meet their burden when a defendant's consent is elicited following an illegal detainment as "the unlawful police action presumptively taints and renders involuntary any consent to search." Norman v. State, 379 So.2d 643, 646-647 (Fla.1980); see also Alvarez v. City of Hialeah, 900 So.2d 761, 768 (Fla. 3d DCA 2005). In such circumstances, consent will be found voluntary "only if there is clear and convincing proof of an unequivocal break in the chain of illegality sufficient to dissipate the taint of prior official illegal action." Norman, 379 So.2d at 647; see also Davis v. State, 946 So.2d 575, 578 (Fla. 1st DCA 2006) (stating where an appellant's consent to search occurs immediately after an unlawful seizure, there must be a break sufficient to dissipate the taint of the seizure for the consent to be valid).
The instant case presents a slight twist as Appellant gave consent to search before the situation escalated into an unlawful detention. Nevertheless, the issue in Norman and its progeny focuses on the occurrence of unlawful police action and the impact the unlawful action has upon an individual's capacity to voluntarily consent. If an illegal detention renders post detention consent invalid, it seems logical that an illegal detention would taint everything which follows it, including the continuing validity of consent given prior to the illegal detention.
Importantly, consent is fleeting. The only relevant time period to determine if an individual has given voluntary consent is at the time of the search. Once consent is given, it can be withdrawn at any time for any reason. It can be withdrawn by an individual's words (see Jackson v. State, 730 So.2d 364, 365 (Fla. 4th DCA 1999)) (stating "the individual may, at any time during the search, withdraw consent by words"), or by an individual's actions. See Lowery v. State, 894 So.2d 1032, 1034 (Fla. 2d DCA 2005) (finding consent was withdrawn when the defendant attempted to reach into his pockets at the same time as the officer); Pierre v. State, 732 So.2d 376, 378 (Fla. 2d DCA 1999) (finding consent was withdrawn when the defendant ran away from the officer). Likewise, it seems reasonable that consent can be rendered invalid, effectively withdrawn, by intervening unlawful police conduct. This would be especially true when the unlawful conduct involves a violation of the Fourth Amendment rights of an individual whose previously granted consent is all law enforcement has to justify a search. In such circumstances, it would be unreasonable to assume consent continues indefinitely, no matter what action law enforcement takes.
*1015 Applying this principle here, the illegal detention of Appellant, after he had given consent but before the police exercised the privilege extended by the consent, created a taint which could be overcome only by a sufficient break in the chain of illegality. The burden to establish this break rests with law enforcement. There is no evidence that such a break occurred. Therefore, the search must be found nonconsensual, and the evidence improperly seized. The trial court erred in denying Appellant's motion to suppress.
We REVERSE Appellant's conviction and REMAND with directions that the trial court issue an order discharging Appellant.
BENTON, J., concurs; VAN NORTWICK, J., dissents with written opinion.
VAN NORTWICK, J., dissenting.
The majority opinion holds that the Appellant's consent to the search was rendered invalid by a subsequent unlawful detention. As the state argues, however, the reasonable detention of Appellant here for the purpose of facilitating the consensual search was not, as a matter of law, an illegal detention. As a result, even if the majority is correct in concluding that an illegal detention can, by itself, render invalid an otherwise valid consent, an issue I do not address, the reasonable detention here did not vitiate the Appellant's consent and the trial court's denial of the motion to suppress must be affirmed. Accordingly, I respectfully dissent.
"Once a police officer obtains a valid consent to search, certain procedures are reasonable given the safety concerns of officers." State v. Cromatie, 668 So.2d 1075, 1077 (Fla. 2d DCA 1996). The Cromatie court adopted the reasoning in Michigan v. Summers, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981), a case involving the detention of the occupants of a premises pursuant to a valid search warrant, that "three identifiable law enforcement interests" justify the detention of a vehicle's occupants when consent to search the vehicle has been given: "(1) preventing flight in event incriminating evidence found; (2) minimizing risk of harm both to officers and occupants; and (3) orderly completion of search." Id. To accomplish these reasonable law enforcement interests, "the officer conducting the traffic stop could request permission to search the car and detain all occupants of the car until he completed the search." Id. Based on this rationale, Florida courts have held that once consent to search a vehicle has been given, the officer may remove the occupants of the vehicle to facilitate the search. State v. Boles, 952 So.2d 586, 589 (Fla. 4th DCA 2007) ("[O]nce Boles consented to the search of his vehicle, certain procedures such as his removal from the vehicle were objectively reasonable and could be characterized as ensuring the orderly completion of the search"); see also May v. State, 958 So.2d 402, 404 (Fla. 2d DCA 2007); State v. Breed, 917 So.2d 206, 209 (Fla. 5th DCA 2005).
Although the facts were in dispute concerning whether the Appellant consented to a search of his person, as the majority opinion explains, the trial court accepted the deputy's testimony and found that Appellant gave his consent. The facts concerning the events that transpired following the consent are not in dispute. When the deputy was given consent to search the vehicle, the driver's person, and Appellant's person, the deputy could take reasonable steps to safely and orderly conduct the searches, including the limited detention of Appellant. Cromatie; Boles. Appellant testified that he opened his door to allow for the search of the vehicle. As the deputy testified, however, he instructed *1016 Appellant to "sit tight" since he preferred to search the driver first because the driver was still in control of the vehicle. In my view, this reasonable detention for the purpose of facilitating a consensual search was not unlawful and, thus, did not vitiate Appellant's consent.
NOTES
[1] We do not address the circumstances where law enforcement has probable cause to arrest an occupant of the vehicle, probable cause to believe evidence of a crime may be located in the vehicle, or a valid warrant to search the vehicle. See Michigan v. Summers, 452 U.S. 692, 702-703, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981) (noting identifiable law enforcement interests can justify a limited detention of individuals while a search is conducted pursuant to a valid search warrant); see also May v. State, 958 So.2d 402, 404 (Fla. 2d DCA 2007). This case involves a search premised solely upon the voluntary consent of the occupants. It seems doubtful that consent given by a driver of a vehicle could bind an occupant of the vehicle to whatever timeline the driver and law enforcement may have agreed.