STEVENSON, J.
 

 After police gained entry to Henry Verges’s home in connection with an investigation for drugs, they discovered eight pictures depicting child pornography. Verges sought to suppress the pictures, arguing that the police had exceeded the scope of his consent to search and that any consent was not voluntarily given. The trial court denied the motion to suppress and Verges pleaded no contest to eight counts of possession of child pornography, the manufacture of marijuana, and possession of marijuana, reserving his right to appeal. We affirm and write solely to address Verges’s arguments concerning the scope of his consent.
 

 In recounting the evidence, we take the view most in accord with the trial court’s ruling on the motion to suppress.
 
 See Pagan v. State,
 
 830 So.2d 792, 806 (Fla.2002). Police went to Verges’s home to investigate a tip that marijuana was being grown there. Police went through the trash can in front of the residence and found marijuana residue and a marijuana leaf. The officers approached the defendant, who was standing on a walkway between the driveway and the front door, and advised the defendant of the tip. The defendant told police that his son had grown three small marijuana plants for a school project. Police asked for consent to enter the premises to retrieve the marijuana plants and responded affirmatively when the defendant said “all you’re going to do is collect the marijuana plants.” The defendant agreed to permit the officers to enter.
 

 As the officers were walking toward the kitchen, they observed, in plain view, marijuana plants, sodium vapor lights, and fans in the room across from the kitchen. At about this same time, the defendant grabbed a plastic baggie containing marijuana, a pipe, and some rolling papers from the kitchen table and placed them into a garbage can. One of the officers observed the defendant attempt to conceal some folded papers that were on the kitchen table by pushing them under a newspaper.
 

 At this point, police asked the defendant to sit down and presented him with a
 
 Miranda
 
 warnings card and a consent to search form. Before signing the consent, the defendant asked to call his wife and his lawyer. Police acquiesced to the request. During the conversation with his wife, and apparently at her request, the defendant asked the officers if they would leave if he asked them to. One of the officers said no.
 
 [1]
 
 The lawyer the defendant called was a friend and a tax attorney. The attorney spoke with one of the officers and inquired about the officer’s intentions. The officer told the attorney about the marijuana they had observed and indicated that they intended to search for additional contraband. During his conversation with police, the attorney did not indicate that any search or consent was limited to marijuana. Thereafter, the defendant signed the consent form that permitted police to search the entire premises and stated that any
 
 *527
 
 thing found could be used at a subsequent trial.
 

 After the consent form was signed, one of the officers asked the defendant if there was any marijuana in the home in addition to that already observed; the defendant directed police to some closets. The officer who had earlier observed the defendant attempt to conceal the folded papers retrieved those papers after the consent form was signed. The officer discovered that the papers were child pornography. The officer who seized the papers testified that, based on her training and experience, it was reasonable to believe that drugs or drug paraphernalia were inside the folded papers and that this is what she had expected to find.
 

 With this evidence before it, the trial court denied the motion to suppress, indicating the defendant consented to a search of the premises for drugs and drug-related items. In this appeal, the defendant insists his consent was limited to the retrieval of the marijuana plants and, alternatively, even if the consent was sufficiently broad to permit a search for other contraband, it was revoked with respect to the folded papers by his act of pushing them under the newspaper. These arguments are without merit.
 

 There is no question that “[a]n individual may define as he chooses the scope of a consensual search.”
 
 Jackson v. State,
 
 730 So.2d 364, 365 (Fla. 4th DCA 1999). Further, once given, consent may be withdrawn “at any time for any reason,”
 
 see Johnson v. State,
 
 995 So.2d 1011, 1014 (Fla. 1st DCA 2008). A trial court’s determination regarding “the scope of the consent given and whether the search conducted was within the scope of that consent are questions of fact to be determined by the totality of the circumstances.”
 
 Davis v. State,
 
 594 So.2d 264, 266 (Fla. 1992);
 
 see also Johnson v. State,
 
 613 So.2d 554, 555 (Fla. 4th DCA 1993).
 

 In insisting that his consent was limited to consent for police to retrieve the marijuana plants, the defendant relies heavily on the conversation that took place between himself and police outside of his home and asserts that the evidence before the trial court was to the effect that police represented to his attorney that they intended only to take the marijuana they had already observed. The defendant’s argument ignores the fact that, after the conversation with police outside of the defendant’s home, the police entered with the defendant’s consent and, upon entry, observed marijuana, grow lights, and fans in the room across from the kitchen and a baggie of marijuana, a pipe, and rolling papers on the kitchen table. It was only after the officers observed all of this contraband in plain view that the defendant was presented with the consent to search form, which plainly was not limited in its terms to the retrieval of marijuana plants. Further, while it is true that there was evidence that police represented to the attorney that they intended to take only the marijuana they had observed, there was contrary evidence that police told the attorney they intended to search for more “contraband.” We are constrained to accept this latter view of the evidence.
 
 See, e.g., Pagan,
 
 830 So.2d at 806.
 

 As for the defendant’s contention that his pushing the papers under the newspaper was a withdrawal of any consent, there is no question that non-verbal actions can amount to the withdrawal of consent.
 
 See Jackson,
 
 730 So.2d at 365. Here, though, the defendant pushed the folded papers under the newspaper prior to the defendant being presented with the consent form, prior to police speaking with the defendant’s attorney and prior to the defendant signing the consent form.
 
 *528
 
 Thus, despite having earlier hidden the papers from view,
 
 thereafter,
 
 the defendant consented to a search of his home for, at a minimum, drugs and drug-related items.
 

 Having rejected the defendant’s claims of error in the denial of his motion to suppress, we affirm his convictions.
 

 Affirmed.
 

 HAZOURI and LEVINE, JJ., concur.
 

 [1]
 

 . At the time the defendant asked police whether they would leave, the officers had already observed marijuana plants, grow lights, a baggie of marijuana, and rolling papers in plain view. The police thus had probable cause to arrest the defendant and were entitled to seize the contraband in plain view.