# Third District Court of Appeal

## State of Florida

Opinion filed August 27, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0525
Lower Tribunal No. F22-96
_____


**Michael Eric Buttes,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Laura Anne Stuzin, Judge.

Carlos J. Martinez, Public Defender, and Amy Lynn Weber, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Richard L. Polin, Chief Assistant Attorney General, for appellee.


Before FERNANDEZ, MILLER and BOKOR, JJ.

PER CURIAM.

Affirmed. See Seibert v. State, 923 So. 2d 460, 468–69 (Fla. 2006) (noting that the existence of exigent circumstances justifying warrantless entry onto property is considered under the totality of the circumstances and that "[e]xigent circumstances have been determined to exist when 911 calls were received, even in cases when the callers did not identify a life-threatening emergency, when the officers arrived at the source of the 911 call to find suspicious circumstances at the residence"); Rolling v. State, 695 So. 2d 278, 293 (Fla. 1997) ("The kinds of exigencies or emergencies that may support a warrantless entry include those related to the safety of persons or property, as well as the safety of police. Of course, a key ingredient of the exigency requirement is that the police lack time to secure a search warrant." (citations omitted)); State v. Barmeier, 878 So. 2d 411, 413 (Fla. 3d DCA 2004) (finding exigent circumstances and reversing suppression of evidence discovered after warrantless entry of defendant's home where defendant had previously called 911 to report disturbance with neighbor and did not respond to police announcing their presence at door).