613 So.2d 554 (1993)
Michael Bryan JOHNSON, Timothy Scott and Demarkcos L. Daniels, Appellants,
v.
STATE of Florida, Appellee.
Nos. 91-3566, 91-3607 and 91-3608.
District Court of Appeal of Florida, Fourth District.
February 3, 1993.
Rehearing Denied March 12, 1993.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellants.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dawn S. Wynn, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
The state charged appellants Michael Bryan Johnson, Timothy Scott and Demarkcos L. Daniels with trafficking in cocaine. Appellants contend the trial court erred when it denied each of their motions to suppress the seized cocaine. They raise three points on appeal, one of which we find dispositive. Appellants contend the evidence should be suppressed because the officers searched the area of their crotch and genitals without their specific consent. We agree and reverse.
A deputy sheriff stopped appellants' car on Interstate 95 for an inoperative license tag light. The deputy gave appellant Johnson a written warning and asked Johnson if he could search their car. He testified he asked Johnson if he could search his person and Johnson consented. Johnson denied giving such permission. During the patdown search, the deputy felt a hard object slightly below the rear of Johnson's pants. He told Johnson to remove his pants and underwear and Johnson complied. The deputy seized a package of cocaine from inside the lining of his underwear. The officer testified he initially believed the cocaine might have been a weapon but determined it was not when Johnson lowered his pants.
A detective and another deputy arrived at the scene. The detective testified he asked appellant Daniels if he could search his person and Daniels consented. Daniels stated no one asked him for such permission. The detective patted down Daniels' crotch area and felt a hard object. He testified he asked Daniels if he would mind undoing his pants. Daniels pulled down his pants to mid-thigh. The detective seized a package of cocaine from inside his underwear.
One of the officers asked appellant Scott for permission to search his person. The detective testified Scott consented. Scott denied giving any express consent to a *555 search of his person. The detective stated the second deputy asked Scott to undo his pants. Scott partially pulled down his pants. As in the case of Daniels, the detective seized a package of cocaine from inside Scott's underwear.
While the record would support a conclusion that appellants consented to general searches of their persons, we need not decide that issue. The record contains no evidence that appellants specifically consented to searches of their genital areas. The officers, however, without such specific consent, made each appellant pull down his pants, made Johnson pull off his pants and underwear completely and seized articles from inside Daniels' and Scott's underwear. The officers did not offer appellants any cover from passersby, male and female officers at the scene or each other. The police effectively conducted strip searches in open view in a public place, on the side of the roadway of Interstate 95. The officers also made photographs of Daniels while he was partially undressed.
In Davis v. State, 594 So.2d 264 (Fla. 1992), the supreme court stated:
Once it is established that the search was conducted pursuant to a defendant's voluntary consent, we must determine whether the search was conducted within the limits of the consent given. United States v. Blake, 888 F.2d 795 at 800 [(11th Cir.1989)]; State v. Wells, 539 So.2d 464 (Fla. 1989), aff'd on other grounds, 495 U.S. 1, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990). Two principles guide us on this issue. First, the trial court's determinations as to the scope of the consent given and whether the search conducted was within the scope of that consent are questions of fact to be determined by the totality of the circumstances. United States v. Blake, 888 F.2d at 798. Second, the determination of the trial court will not be overruled unless it is clearly erroneous.
Id. at 266. The supreme court in Davis also stated:
Further, the scope of the consent must be considered in light of the consenting person's expectation of privacy. State v. Wells, 539 So.2d at 467. Therefore, the inquiry in this case is whether, under the totality of the circumstances, a reasonable person would have understood that the consent to a search of one's person would encompass a search as intrusive to a person's expectation of privacy as a patdown or a search of the groin area.
A substantial expectation of privacy exists with respect to an individual's crotch or groin area. Further, the initial interference occurred in a public airport terminal, a setting that requires particular care to "ensure that police officers do not intrude upon the privacy interests of individuals." United States v. Blake, 888 F.2d at 800.
Id. We believe, under the totality of the circumstances in this case, appellants as reasonable persons would not have understood their consent to patdown searches would encompass strip searches in open view on the side of the roadway of an interstate highway.
Accordingly, we reverse the trial court's order denying appellants' motions to suppress and remand this case to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED.
POLEN, J., and WALDEN, JAMES H., Senior Judge, concur.