OSTERHAUS, J.
Marquise Tyrone James appeals an order denying his motion to suppress evidence of fifteen grams of marijuana retrieved by police officers from his groin area and cocaine that fell from his person during a post-arrest inventory search at the jail. We affirm because there is no clear error in the trial court’s decision to deny Mr. James’s motion to suppress.
I.
On March 10, 2012, two police officers stopped the vehicle Mr. James was driving due to a window tint violation. When the officers approached Mr. James’s car, they asked if they could search him and his *1208 vehicle. The trial court found that Mr. James consented. And when Officer Young patted him down, he felt an “unusual” object that he could not identify in the area around Mr. James’s crotch. At the same time, the other officer checked Mr. James’s driver license and learned that he was on probation for armed robbery. The officers proceeded to Mirandize Mr. James and to ask about the unusual object in his pants. Mr. James then admitted to carrying a small amount of marijuana. By this point, other officers had arrived on the scene and one of them escorted Mr. James beside the front corner of a police cruiser, lowered his pants (but not his underpants), and retrieved a baggie containing marijuana that was sticking out of Mr. James’s underpants. Mr. James was then taken to the Escambia County jail for booking. At the jail, he was searched again and police recovered a different plastic baggie containing cocaine that fell from his person.
II.
In this single-issue appeal, Mr. James gives two reasons why the search in this case was improper and the illegal drug evidence should be suppressed. First, he argues that the marijuana retrieved by officers from his pants, as well as the cocaine that later dropped from his person, should be suppressed because he never consented to being searched. And lacking consent, he argues that the officers could not have lawfully patted him down and discovered the contraband.
Whether Mr. James gave voluntary consent to the officers’ search is a question of fact determined based on the totality of the circumstances. See Davis v. State, 594 So.2d 264, 266 (Fla.1992). In this case, the trial court found that Mr. James consented to the search. As an appellate court, we must defer to the trial court’s factual findings and disturb them only if clearly erroneous. Id,. We “accord a presumption of correctness to the trial court’s rulings on motions to suppress with regard to the ... determination of historical facts.” Golphin v. State, 945 So.2d 1174, 1182 (Fla.2006) (internal quotation marks omitted). The trial court based its decision here upon the testimony of the officer involved at the scene. Officer Young testified at the suppression hearing that Mr. James consented to a search of his person and the trial court favored his testimony over Mr. James’s conflicting testimony. Because competent, substantial evidence supports the trial court’s conclusion, we must uphold it.
The second reason Mr. James argues that the drug evidence should be suppressed is that, even if he did consent to a search, the officers exceeded the scope of his consent by searching his genitals. See Davis, 594 So.2d at 266. He cites language in Davis stating that express consent must be given to search an individual’s crotch. Id. He also notes that a reasonable person would not expect generically given consent to a pat-down to involve a search of one’s genitals. Id. See also United States v. McBean, 861 F.2d 1570, 1573 (11th Cir.1988) (per curiam) (“The scope of a consent search is defined by the scope of actual consent in the same way that the scope of a search based upon a search warrant is defined by the warrant.”). In United States v. Blake, for instance, the Eleventh Circuit held that pat-down consent could not be construed “as authorization for the officers to touch [individuals’] genitals in the middle of a public area in the Fort Lauderdale Airport.” 888 F.2d 795, 800 (11th Cir.1989). The court considered the search a serious violation of privacy to which the defendants had not knowingly and voluntarily consented. Id. See also Johnson v. State, 613 So.2d 554, 555 (Fla. 4th DCA 1993) *1209 (concluding that reasonable persons would not understand their consent to encompass strip searches in open view at the side of an interstate highway). In Sims v. State, 743 So.2d 97 (Fla. 1st DCA 1999), the defendant consented to a search after exiting the Tallahassee airport. After the officer asked further if he could pat-down his genital area and the defendant did not respond, the officer proceeded to search his genitals, identify an object, unzip the defendant’s pants, and retrieve cocaine. Id. at 99-100. This Court concluded that “by feeling his person through his clothing, then unzipping his trousers to remove [the cocaine] from his undergarments,” the search exceeded the scope of the defendant’s consent under the totality of the circumstances. Id. at 100. We said, “[w]ithout probable cause, reasonable suspicion, or consent, ... the initial, tactile search of the groin was unlawful.” Id.
Whereas these cases involved searches targeting genitalia, Officer Young’s search in this case was described more like a typical, over-the-clothes pat-down; he started high and worked down one side of the body to the other. Mr. James testified that the officer “went in my pockets and went searching around my crotch area.” Officer Young testified similarly that his pat-downs typically include the area around the crotch, while “afford[ing] the person as much privacy as possible.” His unrebutted testimony was that, for privacy sake, he avoided manipulating or pulling at the “unusual” object that he felt in Mr. James’ crotch area. Various federal and state cases describe pat-down searches in terms very similar to Officer Young’s testimony, as including the area around the crotch, pockets, belts, and legs, where a weapon or contraband might be kept. See, e.g., Terry v. Ohio, 392 U.S. 1, 17 n. 13, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) (describing a “search ... of ... arms and armpits, waistline and back, the groin and area about the testicles, and the entire surface of the legs down to the feet”) (internal quotation marks omitted); United States v. Russell, 664 F.3d 1279, 1282 (9th Cir.2012) (a patdown search of the groin area was reasonably within the scope of the passenger’s consent as “[n]arcotics are often hidden on the body in locations that make discovery more difficult, including the groin area”). As this case does not involve the same privacy concerns identified in Blake, Davis, or Sims, we find no clear error in the trial court’s ruling as to the pat-down search.
Finally, Mr. James asserts that he did not consent to the officers’ final retrieval of the marijuana from his pants. At the suppression hearing Mr. James did not testify about the officer’s removal of the baggie from his pants. Testimony from various officers indicated that shortly after Officer Young’s search, officers Mir-andized Mr. James and he admitted to carrying a small amount of marijuana. Mr. James was escorted beside the police car, his outside pants were lowered (but not his underpants), whereupon Officer Tatum “could see the corner of the baggie sticking out ... and [he] grabbed it with the edge of my fingers and pulled it right out.” The trial court found that it all occurred quite quickly. And none of the testimony indicates that Officer Tatum’s retrieval involved touching or exposing Mr. James’s genitalia.
Under these circumstances, we also find no clear error in the trial court’s decision to deny the motion to suppress. Once Mr. James made a post-Miranda admission that he was carrying marijuana, the officers had probable cause to arrest him and search him incident to arrest; Mr. James’s consent was not required. See United States v. Rodney, 956 F.2d 295, 298-99 (D.C.Cir.1992); see also Florida v. Harris, *1210 - U.S. -, -, 133 S.Ct. 1050, 1055, 185 L.Ed.2d 61 (2013) (finding probable cause to conduct a warrantless search when available facts warrant reasonable belief that contraband or evidence of a crime is present); Virginia v. Moore, 553 U.S. 164, 178, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008) (“When officers have probable cause to believe that a person has committed a crime in their presence, the Fourth Amendment permits them to make an arrest, and to search the suspect in order to safeguard evidence and ensure their own safety.”).
III.
For these reasons, the trial court’s ruling denying Appellant’s motion to suppress is AFFIRMED.
WETHERELL and SWANSON, JJ„ concur.